Orton *et al. v.* Tilden *et al.*

No. 11,849.

## ORTON ET AL. *v.* TILDEN ET AL.

SUPREME COURT. — *Assignment of Errors.—Joint Assignment. — Effect of.—* Each assignment or specification of error, in a joint assignment of errors by several appellants, must be founded upon a ruling against all such appellants and of which all of them had a right to complain, or it is not good as to any of them.

SAME.—*Practice.— When Defective Complaint Cured by Judgment.—*Where the sufficiency of a complaint or petition is challenged for the first time in the Supreme Court, the defects therein will be held to be cured by verdict and judgment, unless it appears that material facts essential to the existence of a cause of action have been omitted therefrom, and such defects could not have been obviated by the evidence on the trial.

BILL OF EXCEPTIONS.—*Practice.—*Where a bill of exceptions does not set out the date of its presentation to the judge for his signature, and the record shows that it was signed by the judge and filed after the time allowed for the preparation and filing thereof, it will be presumed that it was not presented to the judge until the date of his signature, and it is not properly in the record, notwithstanding a statement in such bill that "now, within the time fixed, the defendants present their bill of exceptions," etc.

HIGHWAY.—*Proceeding for Ascertainment and Survey.—Notice.— Waiver.— Petition.—*In a proceeding under section 5035, R. S. 1881, for the ascertainment, survey, etc., of a highway, alleged to have been used as such for more than twenty years, when the parties, through whose lands such alleged highway passes, voluntarily appear in the commissioners' court, without notice, and make no objection to the jurisdiction of that court, they can not afterwards object on appeal, either in the circuit or Supreme Court, to the want of notice, and the judgment in such case will not be reversed because the petition does not contain the names of such parties.

SAME.—*Names of Parties.— Quœre,* whether such section contemplates that the petition should necessarily set out the names of the parties affected by such proceeding?

From the LaPorte Circuit Court.

*D. J. Wile* and *F. E. Osborn,* for appellants.

*M. Nye,* for appellees.

HOWK, J.—At the June term, 1883, of the board of commissioners of LaPorte county, appellees, John F. and Walter S. Tilden, presented to such board their petition in writing,

wherein they, as citizens of Cass township, in such county, represented that in the year 1857 a public highway was established by the board of trustees of such township, described as follows, to wit: Commencing on the west side of section 2, at the half-mile stake, and running thence north on the section line dividing sections 2 and 3, township 34 north, of range 4 west, there intersecting a road, in Clinton township, leading to Bigclow's mills; that the highway so laid was then and there by said trustees established of the width of forty feet; that said highway had, since the action of said trustees of Cass township, been travelled and worked as a public highway, and had been, and still was, a work of public utility and of great convenience to the public; and that said highway was not sufficiently described on the record of said trustees, nor was the order locating said road full and ample, as by law required. Wherefore the appellees asked, that said highway be ascertained, surveyed and entered of record, as by statute provided.

Appellants Orton and Black appeared and filed their remonstrance before the county board. Thereafter, after hearing the evidence, the county board found that the highway, described in appellees' petition, was attempted to be established by the trustees of Cass township, and that the same had been used as a highway more than twenty years, but that the same was not sufficiently recorded; and thereupon the board ordered that the same be established as a highway, forty feet wide, and that the same be recorded as such.

From this order of the county board, all the appellants herein, Orton, Black and Bowman, appealed to the LaPorte Circuit Court. There the cause was tried by a jury, and a verdict was returned finding that the road, mentioned and described in the petition herein, had been used and laid out as a public highway, but not sufficiently described, to the width of thirty-five feet. Over the appellants' motion for a new trial, the court adjudged and decreed that the road in the petition described, to wit: (Description omitted), had been

Orton *et al. v.* Tilden *et al.*

used and laid out as a public highway, but not sufficiently described, to the width of thirty-five feet, and that the same ought to be ascertained, described and entered of record, as such public highway, in the proper record of the board of commissioners of LaPorte county; and such board was directed to so ascertain, describe and enter of record the said highway. It was also adjudged that appellees recover their costs and charges herein, taxed, etc., of and from the appellants.

Errors are assigned here by appellants, which were intended to call in question the overruling (1) of their motions to dismiss the proceedings herein, (2) of their demurrer to appellees' petition, (3) the sufficiency of the facts stated in such petition to entitle appellees to the relief asked for, and (4) the overruling of appellants' motion for a new trial.

Under our decisions, appellants' assignment of errors, predicated upon the overruling of the motions to dismiss and of the demurrer to the petition, presents no question here for our consideration. All three of the appellants, Orton, Black and Bowman, joined in one and the same assignment of errors, and this assignment constituted their joint and only complaint in this court. It was necessary, therefore, that each paragraph or specification of error, in such joint assignment, should be founded upon a ruling against all the appellants, and of which all of them had the right to complain, or it would not be good as to any of them. Like a complaint in the trial court, the assignment of errors here must be good as to all who join therein, or it will not be good as to any of them. This is the settled rule, as declared in many of our decided cases. *Eichbredt* v. *Angerman*, 80 Ind. 208; *Feeney* v. *Mazelin*, 87 Ind. 226; *Williams* v. *Riley*, 88 Ind. 290; *Boyd* v. *Pfeifer*, 95 Ind. 599; *Robbins* v. *Magee*, 96 Ind. 174; *Hinkle* v. *Shelley*, 100 Ind. 88; *Boyd* v. *Anderson*, 102 Ind 217.

Appellants have also assigned here, as error, that appellees' petition herein was insufficient to entitle them to the relief prayed for, in that it did not state facts sufficient there-

for. Appellees' counsel insists that this error can not be considered here, because such petition does not appear in the record, save as it was copied into the transcript of the proceedings before the county board, which transcript was sent up to the court below, on the appeal thereto, and is set out in the record now before us. Counsel claims that, after the case reached the court below, the petition was amended by appellees, and that this amended petition ought to have appeared in the record of this cause. If this be true, and it was important to the appellees that the amended petition should be brought into the record, they should have applied to this court for a *certiorari* for that purpose. But the clerk of the court below has certified that the record before us is "a full, true and complete transcript of all the pleadings filed and proceedings had" in this cause. To us this record so certified, in the absence of any showing to the contrary, "imports absolute verity." We are bound to conclude, therefore, that the petition appearing in the record was the only pleading filed on behalf of the appellees in this cause, and that it is the same petition, the sufficiency of which is challenged by appellants' assignment of error in this court.

It must be borne in mind, that the error we are now considering calls in question the sufficiency of appellees' petition after verdict and judgment thereon, for the first time in this court. In such a case, of course, it must appear that material facts, essential to the existence of the cause of action attempted to be stated, have been wholly omitted, before this court would be authorized to reverse the judgment below for error assigned here upon the alleged insufficiency of the petition. *Laverty* v. *State, ex rel.*, 109 Ind. 217, and cases cited. For, if the defects in the petition were such as might have been obviated by the evidence on the trial, they must be held to have been cured by the verdict and judgment on the petition, when it is sought to take advantage of such defects by the error assigned here. *Burkett* v. *Holman*, 104 Ind. 6, and cases cited. The only objection urged by appel-

lants to the sufficiency of the petition is, that it does not set forth the names of the owners of the lands, through which the alleged highway passes. Whether or not the names of such owners should be stated in a petition, under section 5035, R. S. 1881, to have the county board ascertain, describe and enter of record an alleged public highway, is a mooted question, in regard to which our decisions are not very harmonious. The section as it now reads has been in force since March 5th, 1867, and provides as follows:

"All public highways which have been or may hereafter be used as such for twenty years or more shall be deemed public highways; and the board of county commissioners shall have power to cause such of the roads used as highways as shall have been laid out but not sufficiently described, and such as have been used for twenty years but not recorded, to be ascertained, described, and entered of record."

As originally enacted on June 17th, 1852, this section simply provided that all public highways, which had been or might thereafter be used as such for twenty years or more, should be deemed public highways; and, in that form, the section continued in force from May 6th, 1853, until the amended section, above quoted, took effect on March 5th, 1867. It is manifest, we think, that much of the procedure provided in the highway act of June 17th, 1852, and its amendments, for the location, opening and establishment of new highways, is wholly inapplicable, and was never intended to be applied, to the proceedings which might be instituted under the provisions of section 5035, above quoted, for the ascertainment, description and entry of record of certain kinds or classes of roads or highways. This section of the statute was considered by this court, in the case of *State* v. *Schultz,* 57 Ind. 19, wherein Schultz had been indicted below for perjury charged to have been committed by him as a witness before the county board, upon the hearing of a petition under the statute for the ascertainment, description and entry of

record of a certain highway, alleged to have been used as such for twenty years.    The indictment was quashed below, and the State appealed to this court.    Here, the counsel of Schultz made the point, that "the board of commissioners had no jurisdiction of the matter in which the oath was administered, and therefore that perjury could not have been committed."    Upon the point thus made, the court there said: "We are of opinion, upon an examination of the statute, that no notice or process was necessary in the proceeding before the board.    On an application for the location, vacation or change of a highway, notice must be given by publication in a newspaper, or by posting up notices; but we find no law requiring or providing for notice, in cases like that in which the perjury is alleged to have been committed.    The law does not provide for notice in such cases, nor the manner of giving the same; and it seems to us that it was contemplated by the Legislature, that the board might exercise the power conferred by the statute set out above, without the publication of such notice as is required on applications to locate, vacate or change highways."

So, also, it would seem that, in the enactment of the amended section 5035, above quoted, the General Assembly contemplated and intended to provide that the board of county commissioners might cause such of the county roads, used as highways, as should have been laid out but not sufficiently described, and such as had been used for twenty years but not recorded, "to be ascertained, described, and entered of record," without the petition therefor containing "the names of the owners and occupants or agents of the lands," through which such roads had been so used as highways, required to be set forth in a petition for the location, change or vacation of a highway, as provided in section 5001, R. S. 1881, in force since May 6th, 1853.

In *Vandever* v. *Garshwiler*, 63 Ind. 185, which was a proceeding under section 5035, *supra*, for the ascertainment, description and entry of record of a highway, alleged to have

been used as such for more than twenty years, the petition to the county board is copied substantially in the opinion of the court. It appears therefrom, that the petition in that case did not contain the names of the owners and occupants or agents of the lands, through which the alleged highway had been so used. The court below overruled a motion to dismiss and a motion in arrest of judgment, and it was held by this court that there was no error in either of these rulings. After deciding the questions in the case cited, it is said : " It may not be improper, before closing this opinion, to state, in the light of previous decisions, some of the steps necessary to be taken to obtain a description and record of a highway, under section 45 (section 5035, *supra*). In the first place, if the proceeding is inaugurated by a petition, the sufficiency and certainty of it may be tested by a demurrer and motion, as are complaints in other cases. It should state the names of the owners of the property over which the road is claimed to run, so that the court can cause proper notice to be given to them of the pendency of the petition. Such notice is necessary, because, though the statute provides for none, the fundamental principles of law and justice require that those whose rights are to be directly affected by legal proceedings and judgments shall have notice and an opportunity to be heard in opposition to such proceedings."

What we have last quoted is, of course, pure *dictum,* as it is outside of all, and in apparent conflict with some, of the rulings in the case last cited ; but as it is reasonably good *dictum,* we have no fault to find therewith. In that case, it was held that the fact that the parties appeared without notice cured the defect of the want of notice ; and so we hold in the case in hand.

It is conclusively shown by the record of this cause, that all the appellants appeared to the petition herein before the county board, and all joined in the appeal from the order of such board to the court below, and all there appeared. On their appearance before the county board, appellants did not

object to the notice, and they could not afterwards object to the notice on account of any defect therein, on appeal, either in the court below or in this court. *Washington Ice Co.* v. *Lay*, 103 Ind. 48.

In the case last cited it was insisted, as it is now and 'here, that the petition was fatally defective, in that it did not contain the names of the owners and occupants or agents of the lands, through which the alleged highway had been used as such. Without deciding the question, whether or not it was necessary that the petition, under the provisions of section 5035, *supra*, should contain the names of the owners and occupants or agents of the lands, through which the alleged highway had been used as such, the court there held, as we now hold, that the judgment will not be reversed because the petition does not contain such names, when it is manifest, as it is in this case, that all the owners and occupants or agents of such lands, so far as shown by the record, without objecting to the notice, voluntarily appeared to such petition. See, also, *Strong* v. *Makeever*, 102 Ind. 578.

The only other questions discussed by appellants' learned counsel, in their exhaustive brief of this cause, are such as arise under the alleged error of the court below in overruling their motion for a new trial. Manifestly, we can neither consider nor decide any of these questions, if appellees' counsel is right in claiming, as he does, that appellants' bill of exceptions herein is not properly a part of the record of this cause. It is shown by the record, that appellants' motion for a new trial was overruled by the court on the 2d day of May, 1884; "and ninety days are allowed said defendants in which to prepare and file their bill of exceptions." The ninety days time allowed expired on the 31st day of July, 1884. The record shows that the bill of exceptions was signed by the judge, and filed by the clerk, on the 1st day of August, 1884, which was one day too late. The bill of exceptions concludes as follows: "And now, within the time fixed, the defendants present this, their bill of exceptions, and pray that

it may be signed, sealed and made a part of the record, which is done. Signed this 1st day of August, 1884."

In section 629, R. S. 1881, it is provided that " the party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall promptly sign and cause it to be filed in the cause; if not true, the judge shall correct, sign, and cause it to be filed without delay. When so filed, it shall be a part of the record; and delay of the judge in signing and filing the same shall not deprive the party objecting of the benefit thereof. The date of the presentation shall be stated in the bill of exceptions, and the entry shall show the time granted, if beyond the term, for presenting the same."

It is no compliance with the provisions of this section of the statute, to recite that, within the time allowed, the defendants presented their bill of exceptions. But the exact date of the presentation must be stated, *not* in the margin nor on the back of the bill, but *in* the bill itself, so that it may be seen by this court whether or not the date of the presentation was within the time allowed by the court. Where, as in this case, " the date of the presentation " is not stated in the bill of exceptions, we must consider the date of the signature of the judge to the bill as the date of its presentation to such judge; and so considered, as we have seen, the bill was not presented to and signed by the judge, until after the expiration of the time allowed by the court for the presentation and filing thereof. It follows, therefore, that the bill of exceptions herein is not properly a part of the record before us, and can not be considered here in the decision of this cause. *Robinson* v. *Anderson*, 106 Ind. 152; *Terre Haute, etc., R. R. Co.* v. *Bissell*, 108 Ind. 113; *Joseph* v. *Mather*, *ante*, p. 114.

We have found no error, in the record of this cause, which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed March 15, 1887.