Filed April 27, 1889.

—◆—

No. 13,379.

## HALE v. MATTHEWS.

BILL OF EXCEPTIONS.—*Date of Presentation to Judge.*—*Practice.*—Where the record shows that the bill of exceptions was presented to the judge and filed within the time allowed, the fact that there is no statement in the bill as to the time when it was presented to the judge is not material.

DAMAGES.—*Civil Action.*—*Charge Involving Crime.*—*Proof.*—*Preponderance of Evidence.*—*Reasonable Doubt.*—In an action to recover damages for the destruction of property, which it is alleged the defendant wilfully and unlawfully set fire to, the plaintiff is only required to prove his case by a preponderance of the evidence, and not beyond a reasonable doubt.

SAME.—*Presumption of Innocence.*—*Instruction to Jury.*—While a presumption of innocence attaches to the defendant, and is a proper subject for consideration by the jury, the failure of the court to specifically charge the jury in relation to such presumption does not constitute error where they are instructed generally that the law presumes that every one acts lawfully and honestly.

DEPOSITION.—*Defective Certificate.*—*Return to Officer for Correction.*—Where it

is discovered after the publication of a deposition that the seal of the officer before whom the same was taken is not attached to his certificate, the court may, although a motion to quash is made, order the deposition to be returned to the officer in order that the omission may be supplied.

SAME.—*Time of Filing.—Continuance.*—If in such case the deposition be returned, properly certified, during the trial of the cause, and is to be regarded as having been filed as of the date of its return, the opposite party, under section 436, R. S. 1881, is entitled to a continuance, upon a proper motion therefor.

From the Kosciusko Circuit Court.

*L. H. Haymond* and *L. W. Royse,* for appellant.

*J. S. Frazer, W. D. Frazer, H. S. Biggs* and *W. F. Cook,* for appellee.

COFFEY, J.—The complaint in this case avers that on the 19th day of August, 1885, the appellee was the owner of a large quantity of poplar and cherry lumber, of the value of $925; that on said day the appellant, John B. Hale, at the county of Kosciusko, did then and there unlawfully, purposely and wilfully set fire to, burn and destroy all of said lumber to the damage of the appellee in the sum of $925.

A demurrer to this complaint, for want of sufficient facts to constitute a cause of action, was overruled and the appellant excepted.

The appellant then answered said complaint by a general denial. The cause, being at issue, was tried by a jury, who returned a verdict for the appellee. Over a motion for a new trial, the court rendered judgment on said verdict.

The appellant assigns as error in this court:

1st. That the circuit court erred in overruling the demurrer to the complaint.

2d. That said court erred in overruling the appellant's motion for a new trial.

As the appellant does not urge the first assignment of error in his brief, the same, under the rules of this court, must be regarded as waived.

Under the second assignment of error it is insisted that the

court erred in giving instruction number two to the jury. That instruction is substantially as follows :

In determining whether or not the material allegations of the complaint are proven, by a preponderance of the evidence, the jury are to take all the evidence, facts and circumstances proven in the case tending to sustain the material allegations in the complaint, and upon the other hand they are to take all the evidence, facts and circumstances in the case which tend to disprove the truth of the material allegations of the complaint, and if there is more evidence tending to disprove the truth of the complaint than there is to support it, or if it is evenly balanced, then their verdict should be for the defendant; but if there is more evidence tending to prove such allegations in the complaint than tending to disprove the same, although it may be but slight, their verdict must be for the plaintiff.

The argument is, that as the charge against the appellant in the complaint amounts to a charge of arson, he is presumed to be innocent, and that the jury should have been instructed that they should consider such presumption in connection with the evidence in the cause.

This objection is met by the appellee with the contention that the bill of exceptions on file is not a part of the record, and that, therefore, this court can not consider the instruction. This contention is based upon the fact that there is no statement in the bill as to the time at which it was presented to the judge for his signature.

Prior to the passage of our present statute upon this subject, justice was sometimes defeated by a failure to file the bill of exceptions within the time allowed, although such bill had been presented to the judge within the time allowed by the court. There can be no doubt that the object of the Legislature in passing section 629, R. S. 1881, was to prevent a failure of justice on account of the failure of the judge to do his duty, when the bill was presented to him for his signature,

within the time fixed by the order of the court; hence it is now made his duty to note the time when the bill of exceptions is presented to him.   But in this case the bill was not only presented in the time allowed, but it was signed and filed within the time.   The object of the statute has, therefore, been fully accomplished in this case, and we think the bill of exceptions is a part of the record.

The general rule in civil cases is, that a party having the burden of an issue shall succeed upon that issue, if he can bring to his aid a preponderance of the evidence.   We know of no exception to this rule in this State, except in the case of slander, where the defendant justifies the speaking of words which charge the plaintiff with larceny or some other felony.

Many eminent lawyers and jurists have condemed the rule, even in this class of cases, and in the case of *Tucker* v. *Call*, 45 Ind. 31, an effort was made to induce this court to over-rule the decisions holding that, in that class, the defendant was bound to prove his plea of justification beyond a reasonable doubt before he could succeed.   But this court, in that case, declined to do so, holding that the rule in this State is firmly established.   However firmly the rule in this class of cases may be fixed in our jurisprudence, we are not inclined to extend it to cases to which it has not heretofore been applied.

The instruction in this case is in the usual form used in civil actions, and while it would have been proper for the jury, in making their verdict, to consider the presumption of innocence which attached to the appellant, we do not think that such presumption changed the rule, and required appellee to have more than a preponderance of the evidence to entitle him to recover.   The jury were told in another instruction, in substance, that the presumption of law was against wrong-doing, and it is fair to presume that the jury considered this instruction, with the one now under consideration, in making their verdict.

If the appellant desired that the jury should be more specifically instructed in relation to the presumption of innocence attaching to him, he should have asked the court to do so.

In the case of *Continental Ins. Co.* v. *Jachnichen,* 110 Ind. 59, the authorities upon the question here involved are collected, and the question is decided adversely to the appellant.

It is also objected that the third instruction is erroneous, in being too narrow, but, when taken in connection with the other instructions in the case, we think it correctly states the law.

It is also urged that the court below erred in giving instruction number six. In that instruction the jury were told that the law presumes that all persons are law-abiding, and that they act lawfully and honestly, and that witnesses are truthful and testify truthfully, and that it was their duty to reconcile the facts and the testimony upon that theory if they were able to do so ; and if they were satisfied that any person had acted unlawfully it was their duty so to find, and if any witness had testified untruthfully it was their duty to disregard so much of said testimony as they found to be untrue.

That portion of the instruction which informs the jury that the law presumes that every one acts lawfully, evidently has reference to the charge against the defendant, and is a correct enunciation of the law, while the remaining portion of the instruction lays down rules by which the jury may be governed in weighing the testimony and in arriving at a correct conclusion. At all events, the instruction is not materially erroneous. Counsel are in error when they claim that the instruction assumes that there are conflicts in the evidence.

The appellee took the deposition of one Ulysses G. Hale and filed it in the clerk's office some days before the day set for the trial of this cause. After publication of the deposition it was discovered that the notary public before whom it was taken had failed to affix the impress of his seal to the

certificate. Pending a motion to quash this deposition, on motion of the appellee it was returned by the clerk, by order of the court, to the notary for the impress of his official seal. The deposition was returned while the cause was on trial, the motion to quash it was overruled by the court, and over the objection of the appellant it was read in evidence.

It is now claimed that this proceeding constituted an error for which the judgment below should be reversed. The argument is, that the deposition had not been on file the length of time required by section 436, R. S. 1881, and that the appellant was not, therefore, presumed to be prepared to meet it, and had no opportunity to move for a continuance. We do not think that the contention of the appellant can be sustained. The deposition had been filed in time, was regular in form, and the certificate was sufficient, but the evidence that the person before whom it was taken was a notary public was absent. We think it was in the discretion of the court to order the deposition returned by the clerk of the court to the notary, in order that this omission might be supplied. When the appellant entered upon the trial he did so with knowledge of the fact that the deposition might be returned in time to be read in evidence. If it was necessary that it should be refiled upon its return, and that it is to be regarded as having been filed as of that date, then, by the terms of section 436, R. S. 1881, the appellant was entitled to a continuance at the costs of the appellee, upon good cause shown upon affidavit, if the appellee claimed the right to use it. No application for a continuance was made on this account.

We find no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

OLDS, J., did not participate in the decision of this cause.

Filed April 26, 1889.