Rigler *v.* Rigler *et al.*

No. 14,455.

RIGLER *v.* RIGLER ET AL.

REVIEW OF JUDGMENT.—*For what Causes will Lie.*—A complaint to review a judgment, for error apparent on the record, will lie only for causes which would have been available on appeal.

BILL OF EXCEPTIONS.—*Presentation to Judge.*—Under the statute (section 629, R. S. 1881) a bill of exceptions does not become a part of the record unless it has been presented to the judge within the time limited, and the date of its presentation stated in the bill.

SAME.—*Excuse for not Presenting in Time.—Absence of Judge.—Affidavits.*— The Supreme Court can not consider affidavits showing the absence of the judge as an excuse for not presenting the bill of exceptions until after the time fixed had expired.

SAME.—*Insertion of Date Nunc Pro Tunc.*—In respect to presenting and signing bills of exceptions after the time limited therefor has expired, the only proper course is to make an application to the presiding judge for the insertion of the date in the bill *nunc pro tunc.*

From the Vigo Circuit Court.

*C. F. McNutt, J. G. McNutt, F. A. McNutt, T. W. Harper, S. B. Davis, S. C. Davis* and *G. M. Davis,* for appellant.

*W. Eggleston, E. Reed, B. E. Rhoads, E. F. Williams* and *T. W. Haymond,* for appellees.

MITCHELL, J.—This was a proceeding to review a judgment of the Vigo Circuit Court. It is charged in the complaint for review that there is manifest error apparent upon the face of the record of the proceedings sought to be reviewed; in that the court erred in overruling the plaintiffs' motion for a new trial, to which ruling it is alleged the plaintiffs excepted, and tendered a bill of exceptions containing all the instructions and evidence, which bill, it is averred, was signed by the court and made a part of the record. What purports to be the bill of exceptions thus alleged to have been made a part of the record in the original proceeding, together with copies of the pleadings and judgment, are made

a part of the complaint. The judgment was reviewed and set aside for alleged error in admitting certain testimony over the plaintiffs' objection. The propriety of the ruling of the court in holding the complaint to review sufficient on demurrer, depends upon whether or not the bill of exceptions, which purports to contain the evidence in the original case, was presented to the judge and filed so as in fact to become a part of the record.

The settled rule is, that a complaint to review a judgment for error apparent on the record will only lie for causes which would have been available on appeal. *Baker* v. *Ludlam*, 118 Ind. 87.

The motion for a new trial in the original case was overruled on the 18th day of May, 1887, and ninety days' time was given within which to present bills of exceptions for the signature of the presiding judge. The bill of exceptions containing the evidence was signed and filed on the 24th day of September, 1887. There is nothing in or about the bill to indicate when it was presented to the presiding judge, but attached to it is a certificate signed by the judge as follows: "Signed this 24th day of September, 1887, together with the finding of facts, upon the affidavits hereto attached and made a part hereof."

The affidavits referred to present what is claimed to be an excuse for not presenting the bill of exceptions to the presiding judge within the time limited. They show that on the 6th day of August, ten days before the expiration of the time limited for presenting the bill, the judge who presided at the trial, having no information that a bill of exceptions was being prepared to be presented to him, left his home in Terre Haute and went to Madison, Wisconsin, and that he did not return until the 30th day of the month. The absence of the judge is relied on as an excuse for not presenting the bill of exceptions until after the time had expired.

Without deciding whether or not it would be competent in any case to show by affidavits an excuse for not present-

ing a bill of exceptions, as the statute requires, we are quite sure that the affidavits show no excuse in the present case which can be considered by an appellate tribunal. *Under-wood* v. *Hossack*, 40 Ill. 98, relied on to sustain the bill, supports the opposite view. In that case the presiding judge actually signed and filed the bill, and the Supreme Court held that it would be presumed, until the contrary appeared, that it was presented to him for his signature within the time. "But," the court added, "if the case were different, as a matter of fact, we could not help the plaintiff under this motion, as this court can not direct that to be made a matter of record which was not made so in the court below." In Illinois there was no statute requiring that the bill should show upon its face when it was presented to the judge. Our statute, section 629, is imperative upon two points: 1. The party " *must*, within such time as may be allowed, present to the judge a proper bill of exceptions." 2. "The date of the presentation shall be stated in the bill of exceptions." *Buchart* v. *Burger*, 115 Ind. 123; *Orton* v. *Tilden*, 110 Ind. 131.

A bill of exceptions does not become a part of the record unless it has been presented to the judge within the time limited, and the date of its presentation stated in the bill. When so presented, signed, and filed, it becomes a part of the record. It is not proper for an appellate tribunal to institute an inquiry or investigation outside of the record itself for the purpose of ascertaining what the record contains, or to determine whether excuses exist for not making a complete record. *Wishmier* v. *State, ex rel.*, 110 Ind. 523. The record must be judged by what appears upon its face.

In respect to presenting or signing bills of exceptions, after the time limited therefor has expired, the only proper course to pursue is to make an application to the presiding judge, and to have the date inserted in the bill *nunc pro tunc*. As applicable to cases of that character, it is said in *Walton* v.

*United States,* 9 Wheat. 651 : " But in all such cases, the bill of exceptions is signed *nunc pro tunc,* and it purports on its face to be the same as if actually reduced to form, and signed, pending the trial. And it would be a fatal error, if it were to appear otherwise." Thompson Trials, section 2810. Accordingly, it will be regarded as a fatal error if the bill does not show on its face the date of its presentation to the judge. Whether or not the facts set out in the affidavit would have justified the presiding judge in allowing the date of its presentation to be stated in the bill *nunc pro tunc,* we do not decide. What we decide is, that we can only look upon the face of the bill, and since it does not conform to the requirements of the statute, it can not be regarded as a part of the record. Whether the judge might or should have made it correct in form upon the facts stated is another question which is not presented. It is enough to say he has not seen fit to do so. The right to file bills of exception, after the close of the trial, is regulated altogether by statute, and it is not within the power of this court to add to, or take anything from, the statute by construction.

It follows that the bill of exceptions purporting to contain the evidence upon which error of law was predicated in the complaint, was no part of the record. The complaint, therefore, did not state facts sufficient, and the ruling of the court in overruling the demurrer was error.

The judgment is reversed, with costs, with directions to the court below to sustain the demurrer to the complaint.

Filed Nov. 2, 1889; petition for a rehearing overruled Dec. 12, 1889.