| | |
|---|---|
| 125 | 323 |
| 130 | 272 |

| | |
|---|---|
| 125 | 323 |
| 136 | 601 |

| | |
|---|---|
| 125 | 323 |
| 140 | 636 |

| | |
|---|---|
| 125 | 323 |
| f168 | 50 |

## No. 14,316.

## THE CITY OF PLYMOUTH *v.* FIELDS.

NEGLIGENCE.—*Action for Personal Injuries and Injury to Property.—Bill of Particulars.—Can not be Required.*—In an action for damages for personal injuries and injury to the plaintiff's team occasioned by the negligence of the defendant, a general motion applicable to the personal injury and to the property alleged to have been damaged, to require the plaintiff to make his complaint more specific by filing a bill of particulars was properly overruled.

SAME.—*Complaint.—Denial by Plaintiff of Contributory Negligence.—General Denial only Proper Answer.*—In such action the plaintiff having averred that the injury occurred through the negligence of the defendant, without any fault on his part, the only appropriate answer was a denial. The defendant could not confess and avoid. Hence, it was not error to sustain plaintiff's motion to reject an answer following the general denial, which alleged that the plaintiff was guilty of contributory negligence.

BILL OF EXCEPTIONS.—*Date of Presentation.—Must be Stated in the Bill.*— Where the date of the presentation of the bill of exceptions, as stated in the body of the bill, indicates that it was not presented until after the time limited had expired, the bill is not properly in the record, although following the proper authentication and signature of the judge there is a personal statement signed by the judge showing that the bill had been presented within the proper time. The statute is imperative, and the date of presentation must be stated in the bill of exceptions.

From the Marshall Circuit Court.

*A. C. Capron,* for appellant.

*J. D. McLaren* and *E. C. Martindale,* for appellee.

MITCHELL, J.—Fields sued the city of Plymouth to re-cover damages, and charged in his complaint that the city had permitted a person engaged in moving buildings to obstruct one of the streets by planting a capstan in the street and leaving it over night without guards, lights, or other means to warn persons lawfully using the street of the obstruction.

It is averred that the plaintiff, while driving his team and omnibus along the street in the night, ran upon and against the capstan, thereby overturning and breaking his omnibus and harness, and bruising, wounding, and injuring one of his horses, besides sustaining severe injury to his person, with-out any fault on his part, to his damage in the sum of one thousand dollars.

There is no question made as to the sufficiency of the com-plaint. We do not decide anything on the question of the liability of the city under the circumstances disclosed in the complaint. Elliott Roads and Streets, 490.

The motion to require the plaintiff to make his complaint more specific, by filing a bill of particulars, was properly overruled. Possibly a bill of particulars might be re-quired in a case involving injury to personal property alone, but in an action for injury to the person, or for a mere per-sonal tort, such a thing as an itemized account, or bill of particulars, is impossible, as well as unknown in practice. *Lemmon* v. *Moore*, 94 Ind. 40 ; *Kelley* v. *City of Madison*, 43 Wis. 638. The motion was general, applicable to the per-sonal injury as well as to the property alleged to have been damaged.

The second paragraph of answer was, in effect, a plea set-ting up facts which, if true, showed that the plaintiff was guilty of contributory negligence. This answer having fol-lowed a general denial, the court committed no error in sus-taining the plaintiff's motion to reject it. In actions like the present, the burden is upon the plaintiff to allege and prove that he was without fault which contributed to the in-jury. The plaintiff having averred that the injury occurred

through the negligence of the defendant, without any fault on his part, the only appropriate answer was a denial. The defendant could not confess and avoid.· In actions sounding in tort, where the defendant seeks to show that the plaintiff waived some right to which he would otherwise have been entitled, or that he released the defendant from the performance of some duty which would otherwise have been incumbent upon him, by purposely taking the risk on himself, an affirmative answer setting up the waiver, or the assumption of the risk, may be proper. The answer in the present case was not of that character.

The bill of exceptions, purporting to contain the evidence, is not properly in the record. The date of the presentation of the bill of exceptions, as stated in the body of the bill, indicates that it was not presented until after the time limited had expired. It is true, following the proper authentication and signature of the judge there is a personal statement, or memorandum, signed by the judge, showing that the bill had been presented within the proper time. A statement, or memorandum, on or anywhere about a bill of exceptions, which is not a part of the bill itself, can not control a statement made in the body of the bill. The statute is imperative, and this court has frequently decided that the date of the presentation shall be stated in the bill of exceptions. *Orton* v. *Tilden*, 110 Ind. 131; *Rigler* v. *Rigler*, 120 Ind. 431; *Buchart* v. *Burger*, 115 Ind. 123.

The bill of exceptions not having been properly authenticated by the judge, we can not consider questions arising upon the evidence.

The judgment is affirmed, with costs.

Filed Oct. 9, 1890.