Filed Nov. 18, 1890.

———————◆———————

No. 14,500.

### WHITE v. GREGORY, BY NEXT FRIEND.

BILL OF EXCEPTIONS.—*Date of Presentation.*—Where the time limited for the presentation of the bill of exceptions expires on the 16th day of May, and the date of presentation as stated in the bill is the 1st day of June, the bill is not properly in the record, although following the signature of the judge is a memorandum to the effect that the presentation was made at the proper time, as the time stated in the bill controls.

SEDUCTION.—*Pecuniary Condition of Defendant.—Evidence.*—In an action for seduction evidence of the pecuniary condition of the defendant is admissible.

APPEAL.—*Misconduct of Counsel.—Failure to Raise Question of.*—After the close of the evidence, and during the argument, counsel for the plaintiff stated to the court, in the presence of the jury, that he had a witness in court by whom he could prove that two witnesses who testified against his client had admitted the falsity of their evidence. He of-

White *v.* Gregory, by Next Friend.

fered to interrogate the witnesses, whereupon the court, upon objection, excluded the testimony.

*Held,* that the defendant having made no objection to the statement at the trial, and there being no decision of the court to which exception was taken, no question as to the misconduct of counsel was presented on appeal.

From the Martin Circuit Court.

*J. W. Burton, J. C. Billheimer* and *J. Downey,* for appellant.

*A. J. Padgett* and *A. M. Hardy,* for appellee.

MITCHELL, J.—This is an appeal from a judgment rendered in favor of Nancy A. Gregory against George W. White, in an action by the plaintiff to recover damages for her own seduction. It is insisted that the evidence does not sustain the verdict. We are met, however, with the proposition that the evidence is not in the record, and this proposition can not be disregarded without ignoring the statute and numerous decisions in which its provisions in relation to the authentication of bills of exceptions have been expounded. In order to have made the bill of exceptions containing the evidence a part of the record, it was essential that it should have been tendered or presented to the court on or before the 16th day of May, 1888, which was the date on which the time limited for the presentation of the bill expired. The formal conclusion of the bill is as follows: "And the defendant now here tenders his bill of exceptions, and prays that the same may be signed, sealed, and made a part of the record, which is done this 1st day of June, 1888." Then follows the signature of the presiding judge. Following this is a memorandum, which is also signed by the judge, to this effect: "Presented to me, this 10th day of May, 1888."

It will be observed that the statement contained in the bill of exceptions is, in effect, that it was tendered on the 1st day of June, 1888. The statute, section 629, R. S. 1881, provides in express terms that the date of the presentation

shall be stated in the bill of exceptions, and it has been ruled over and over again that a memorandum on or following the bill, as signed by the presiding judge, is not a compliance with the statute. *Buchart* v. *Burger*, 115 Ind. 123; *Orton* v. *Tilden*, 110 Ind. 131; *Rigler* v. *Rigler*, 120 Ind. 431; *McCoy* v. *State, ex rel.*, 121 Ind. 160; *McCormick, etc., Co.* v. *Maas*, 121 Ind. 132; *City of Plymouth* v. *Fields*, 125 Ind. 323.

If it were allowable to state the time of presentation in a memorandum endorsed upon the bill, the time stated in the bill would control, and as it appears by the controlling statement contained in the bill that it was not tendered to the judge until after the time had expired, it necessarily follows that it did not become a part of the record. Notwithstanding the evidence is not properly in the record we have carefully examined the testimony, and while it is in some respects of a most remarkable character, the most that can be said of it is the jury accepted the evidence of the plaintiff notwithstanding the contradictions that appear.

Evidence of the pecuniary condition of the appellant was admitted, and this is complained of. The authorities are not uniform upon the subject of the admissibility of such evidence, but the rule as settled in this State allows of its reception. The ground upon which such evidence is received is, that actions for seduction are given not only as a means of compensating the injured party but for the punishment of the seducer as well, and that what might be an adequate punishment to one person might be no punishment to another of great wealth. Besides, the pecuniary circumstances and station of the seducer may have contributed largely with other artifices, persuasions, promises and professions employed, to accomplish the ruin of his victim. Where, therefore, the offence is committed by a married man or other person under such circumstances as do not render the offender amenable to the criminal law, exemplary

damages are allowable in the discretion of the jury, and evidence of the pecuniary condition of the defendant is properly received. *Shewalter* v. *Bergman*, 123 Ind. 155; *Wilson* v. *Shepler*, 86 Ind. 275; *Lavery* v. *Crooke*, 52 Wis. 612 (38 Am. Rep. 768); *Clem* v. *Holmes*, 33 Gratt. 722 (36 Am. Rep. 793); *Grable* v. *Margrave*, 3 Scam. 372 (38 Am. Dec. 88); *White* v. *Murtland*, 71 Ill. 250; *Rea* v. *Tucker*, 51 Ill. 110 (99 Am. Dec. 539.) The opposite view is forcibly presented in *Watson* v. *Watson*, 53 Mich. 168.

After the close of the evidence, and during the argument, counsel for plaintiff stated to the court, in the presence of the jury, that he had a witness in court by whom he could prove that two witnesses who testified against his client had admitted the falsity of their evidence. He offered to interrogate the witnesses upon the subject, when, upon objection, the court excluded the testimony. It is now claimed that the statement of counsel constituted prejudicial misconduct. There was, however, no objection made to the statement in the court below. If there had been an objection and a failure of the court to act, or if the court had made a ruling adverse to the appellant, we should then be obliged to examine the question. There was no action or decision of the court to which an exception was saved, and there is, hence, nothing presented for review here. *Coleman* v. *State*, 111 Ind. 563; *Grubb* v. *State*, 117 Ind. 277 (283). A party who considers that any one connected with a trial has been guilty of such misconduct that no ruling, instruction, or admonition of the court can repair the injury, must move to set aside the submission and withdraw the jury, or take such other steps as he may deem necessary to secure an impartial trial. If an adverse decision or ruling is made, he may then present the question for review. He can not, however, proceed to the end of the trial without objection, and after taking his chances for a favorable result, go back and impeach the trial where there has been no adverse ruling.

The instructions given by the court stated the law cor-

rectly, and cover every feature of the case. The instructions asked by the appellant may be conceded to be correct, but those given by the court were so full as to render the giving of those asked superfluous.

The judgment is affirmed, with costs.

Filed Oct. 31,1890.