LENGELSEN v. McGREGOR ET AL.

[No. 20,030. Filed May 26, 1903. Rehearing denied March 8, 1904.]

APPEAL AND ERROR.—*Complaint.*—Mere uncertainty or inadequacy of averment which might have been cured by motion will not authorize the reversal of a judgment founded thereon when attacked for the first time on appeal. *p. 261.*

Lengelsen v. McGregor.

Mechanics' Liens.—*Foreclosure.*—*Complaint.*—The fact that the court, in an action against two defendants jointly for the foreclosure of a mechanic's lien and personal judgment against both defendants, found one of the defendants not liable to a personal judgment, was not equivalent to a finding that such defendant made no contract for the materials and work and labor sued for, and thereby render the complaint insufficient to support a judgment enforcing the lien against such defendant's property because of the failure of the complaint to allege the making of such contract or to allege that plaintiff sued as a subcontractor and that there was a contract between the principal contractor and defendant. *p. 261.*

Same.—*Building Constructed by One not the Owner.*—*Estoppel.*—Where defendant purchased land and placed it in the possession of his brother for the erection of a business house thereon, knowing that his brother had recently failed in business, and was insolvent, furnished his brother money to make a partial payment thereon and otherwise actually coöperated with his brother in the construction of the building, without objection or notice to the builder, such real estate was subject to a mechanic's lien in favor of the builder. *pp. 264–266.*

Appeal and Error.—*Bill of Exceptions.*—*Signing after time Allowed.*—The signing of a bill of exceptions at a date subsequent to the time allowed for the signing and filing of the same imparts no validity to the instrument as a bill of exceptions. *p. 267.*

Same.—*Bill of Exceptions.*—*Absence of Judge from State.*—*Signature Nunc Pro Tunc.*—Where an appellant is diligent in preparation and presentation of his bill of exceptions, but is prevented from presenting the same by the absence of the judge from the State or judicial circuit, such action is such a presentation of the bill, if promptly presented to the judge upon his return, as will authorize the latter, upon notice and motion, to insert *nunc pro tunc* the date when the presentation was defeated by his absence. *pp. 268, 269.*

Same.—*Bill of Exceptions.*—*Absence of Judge from State.*—*Signature Nunc Pro Tunc.*—Appellant was given sixty days within which to prepare and file a bill of exceptions, and on the fifty-ninth day had two bills embracing sixty-two typewritten pages ready for signature, but the judge was absent from the State at such time and appellant was unable to procure his signature thereto within the time fixed. There were thirty-six days in which to accomplish the work before the judge left home. The judge was a special judge, resided in another county, had no official duties to keep him at home, or in the circuit, and there was no correspondence with the judge to ascertain whether he would remain at home to the end of the sixty days. *Held*, that the court did not err in refusing to sign the bills *nunc pro tunc. pp. 269, 270.*

From Posey Circuit Court; *William Louden*, Special Judge.

Suit by William A. McGregor and others against Louis Lengelsen and another to foreclose a mechanic's lien. From a judgment for plaintiffs, Edward Lengelsen appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*L. I. Ahlering,* for appellant.
*F. P. Leonard,* for appellees.

HADLEY, J.—Suit by appellees to foreclose mechanic's lien. It is averred in the complaint that the defendants are indebted to the plaintiffs in the sum of $478 for build-ing material sold and delivered to the defendants by the plaintiffs, and work and labor performed at the de-fendants' special instance and request, which is specifically set forth in a bill of particulars filed with the complaint; that the last of such materials was furnished and said work and labor performed on June 25, 1900; that said material and work and labor were furnished by plaintiffs to defendants and were used by them to erect a brick build-ing on certain described real estate in Posey county; that plaintiffs caused notice of lien to be recorded, etc. Louis Lengelsen made default, and appellant Edward Lengelsen answered by general denial. Trial by court, finding, and personal judgment against Louis, and foreclosure of lien against both on the real estate described in the complaint.

Edward Lengelsen alone prosecutes this appeal. He assigns for error: (1) The insufficiency of the complaint to constitute a cause of action; (2) the overruling of speci-fication three of his motion to modify the judgment; and (3) the overruling of his motion for a new trial.

The first assault upon the complaint is made in this court. At this late date it is incumbent upon the appellant to point out some infirmity in the complaint that is incur-able by the presumptions that arise from the court's find-ing against him, from the overruling of his motion to modify the judgment, and the overruling of his motion

for a new trial.  Uncertainty and inadequacy of averment that might have been cured by motion timely made will now be deemed as waived, and nothing short of a showing that the complaint is fatally defective from the total absence of averment of some fact essential to the existence of the cause of action will now authorize the reversal of the judgment founded thereon.  *City of South Bend* v. *Turner,* 156 Ind. 418, 54 L. R. A. 396, 83 Am. St. 200; *Shoemaker* v. *Williamson,* 156 Ind. 384; *Smith* v. *Smith,* 106 Ind. 43, 45.

Appellant admits that the complaint is good so far as to support a personal judgment, but argues that the court's finding that he was not liable to a personal judgment is equivalent to a finding that he made no contract for the materials and work and labor sued for, and without a contract and personal liability there can be no lien, except when the plaintiff sues as a subcontractor, in which event his complaint must show that fact, and that there was a contract between the principal contractor and the defendant, and that something is due the plaintiff from his employer.  By this argument appellant seeks to place himself in a better situation than he confessedly would have been in if he had demurred to the complaint in the court below.  The complaint charges against appellant and his brother Louis a joint liability both to a personal judgment and lien on the property described, and, because appellant succeeded in his defense as to a personal liability, it by no means follows that his property was not justly chargeable by some agreement or principle of equitable estoppel.  The character of the proof has nothing to do with the sufficiency of the complaint.  So far as the foundation of the action is concerned, it must stand or fall upon its own merits.  The complaint is sufficient to support the proceedings and judgment constructed upon it.

It is insisted by appellees that there is no further question presented, because the evidence upon which all the

remaining ones depend is not in the record.    The tran-
script discloses that appellant's motion for a new trial was
overruled on March 15, 1901, and sixty days given him
in which to file bills of exception.    On May 13, 1901,
appellant, having prepared his bills of exception number
one and number two—the latter containing the evidence—
went to the residence and chambers of the trial judge for
the purpose of presenting said bills for approval, and,
finding that the judge was absent from the State, he caused
each of said bills to be filed in the clerk's office and in-
dorsed by the clerk as follows:    "Now, here comes Edward
Lengelsen, by Louis J. Ahlering, his attorney, and pre-
sents and files this bill of exceptions No. 2 for filing this
13th day of May, 1901.    On account of the absence of
Judge William Louden from the State, his signature to
this bill of exceptions can not be obtained.    Paul Maier,
clerk."    And immediately following is the further entry:
"And now here the defendant Edward Lengelsen tenders
this, his bill of exceptions No. 2, on the 4th day of June,
1901, and prays that the same may be signed, sealed, and
made a part of the record, which is accordingly done on
the 4th day of June, 1901.    And I, William Louden, do
hereby certify that I was absent from the State of Indiana
continuously from the 20th day of April, 1901, until the 2d
day of June, 1901.    William Louden, judge pro tempore
Posey Circuit Court."    A further entry shows a filing of
the bills in the office of the clerk on June 4, 1901.

There is no pretense that the bills were actually pre-
sented to the judge within the time allowed, but appellant
insists that, having been granted a specified time in which
to prepare and present them, and having prepared them
and done all in his power to present them within the limit,
he should not be deprived of their benefit by the judge
so absenting himself from the State that his signature
could not be obtained.    The argument is not without force
if addressed to the lawmaking body, but we have no power

to change a law, or condemn it, because its provisions seem to us harsh and inequitable. The right of appeal is not an absolute right. It is granted or withheld at the pleasure of the legislature; hence that body, in conferring the right of appeal, has the undoubted power to fix the terms upon which the right may be enjoyed. One of the terms fixed is that "the party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions. * * * The date of the presentation shall be stated in the bill of exceptions, and the entry shall show the time granted, if beyond the term, for presenting the same." §641 Burns 1901. "Our statute," says Mitchell, J., in *Rigler* v. *Rigler,* 120 Ind. 431, "is imperative upon two points: (1) The party 'must, within such time as may be allowed, present to the judge a proper bill of exceptions. (2) The date of the presentation shall be stated in the bill of exceptions.'" The statutes are equally as mandatory that to bring exceptions into the record after the term special leave to do so must be granted by the court at the time of the ruling, or at the time of the ruling upon a motion for a new trial which has carried such exception forward. §638 Burns 1901.

Under the common law the court had no power to allow a bill of exceptions after the term, and the power being conferred by statute must be exercised as the statute directs, or it amounts to nothing. The limits for the completion of the record in every case must be determined not later than the term at which final judgment is entered, or the time of ruling upon the motion for a new trial. After that time the court is destitute of authority to act, and has then no more power to extend the time for presenting and filing a bill of exceptions previously fixed than he has for granting it then originally. So the question before us is one of power, rather than one of sufficiency of reason or excuse for not presenting the bill in time. It has long been held that the absence of the judge from

the State during the time allowed for presenting and filing a bill of exception furnished no ground or authority for presenting, approving, and incorporating exceptions in the record at a date subsequent to the time fixed. *Kirby* v. *Bowland,* 69 Ind. 290; *Rigler* v. *Rigler, supra; Wood* v. *Ohio Falls Car Co.,* 136 Ind. 598; *Cornell* v. *Hallett,* 140 Ind. 634; *Goldthait* v. *Cincinnati, etc., R. Co.,* 143 Ind. 356.

At the next following term appellant, by motion reciting the facts concerning the preparation of the bills within the time allowed, and the impossibility of presenting to and procuring the signature of the judge on account of his absence from the State, moved the court to enter then over his signature the presentation of the bills under date of May 13, 1901, which motion was overruled by the court. This proceeding is brought into the record by a supplemental transcript, and error is assigned upon the overruling of said motion. The ruling of the court was correct. See *Kirby* v. *Bowland, supra; Driver* v. *Driver,* 153 Ind. 88. It must, therefore, be held that the bills of exceptions are not in the record.

Though the evidence is not properly before us, we have nevertheless examined it, and find that the judgment would have to be affirmed if the evidence were properly in the record. It appears therefrom that at the time the land was purchased it was perfectly understood by both that the sole purpose of the purchase by appellant was to assist his brother in establishing himself in the saloon business; also that his brother had recently failed in business in the community, and was financially unable to start anew without help. Both believing that this particular tract, being at the intersection of three roads, would be an advantageous place for a saloon, it was mutually, but verbally, agreed, that appellant should buy the land and turn it over to his brother, who was to construct thereon a suitable building, and pay appellant a ground rent equal

to eight per cent. per annum of the purchase price, and if within two years the brother should become able to buy it, he should have it at cost and eight per cent. interest from date of purchase.   Under this agreement Louis took the most active part in negotiating the purchase of the land, represented appellant at its survey, and when the purchase was accomplished he went immediately into possession and contracted with appellees for the erection thereon of a brick building.   Appellant knew when his brother took possession that his intention was to proceed forthwith to build a house upon it, and that he was not able to pay for it himself and start in business; and after the building was begun appellant was informed of it, but made no objection thereto, and furnished his brother $100 knowing that it was to be used in part payment for the building.

It is an ancient principle of equity that, where one of two persons must suffer from the act of a third, he must be the sufferer who puts it in the power of the third to inflict the injury.   From this principle has sprung the well-established rule that one may not stand by without objection and see another in good faith improve and enhance the value of his property, and then hold onto such benefits without paying for them.   *Powers* v. *Town New Haven,* 120 Ind. 185, 191; *DePauw Plate Glass Co.* v. *City Alexandria,* 152 Ind. 443; *Ross* v. *Stackhouse,* 114 Ind. 200, 205; *Thompson* v. *Shepard,* 85 Ind. 352; *Greene* v. *Smith,* 57 Vt. 268.   Here appellant did more than stand by.   He purchased the land and purposely placed it in the possession of his brother for the erection of a business house thereon, well knowing that his brother had but recently failed, and was unable to reestablish himself in business without financial assistance.   Furthermore, appellant had knowledge of the character of the building under construction, furnished his brother $100 to make a payment thereon, and thus with full knowledge and active coopera-

tion, and without any objection or notice to the builder (appellee), he actively helped the enterprise along. To permit him now to keep the house without paying for it would be unconscionable, and the maxim applies, "One who remains silent when conscience requires him to speak, will not be permitted to speak when conscience requires him to be silent."

Judgment affirmed.

## ON PETITION FOR REHEARING.

HADLEY, J.—Appellant, in support of his petition for a rehearing, very earnestly contends that we erred in holding that his bill of exceptions containing the evidence was not properly in the record. He relies upon the maxim, "*Actus curiæ neminem gravabil,*" to protect him against the loss of his bill of exceptions by reason of the absence of the trial judge from the State when he, within the time allowed, did all he could to present the bill for settlement. The pith of his argument is that a court will not be permitted to throw a litigant off his guard by granting him a time beyond the term to prepare a bill of exceptions, and then defeat the privilege by absenting himself from the State until the time has expired. We have no disposition to deny the justness and reasonableness of the maxim invoked, to wit, "an act of the court shall prejudice no one," and will unhesitatingly give the principle force and effect in a case where it applies, and we have authority to do so. It is doubtless the law that a litigant who has been awarded time for a bill of exceptions, and who has successfully completed his bill within the time, and who has been diligent in its preparation and presentation, should be afforded an opportunity to present it, and should not be deprived of the bill by the absence of the trial judge from the State. *State, ex rel.,* v. *Dyer,* 99 Ind. 426; *Fechheimer* v. *Trounstiene,* 12 Colo. 282, 20 Pac. 704; *Stonesifer* v. *Kilburn,* 94 Cal. 33, 29 Pac. 332.

Lengelsen v. McGregor.

But what we decided in the original opinion, and what we reaffirm here, is that the signing of exceptions under and at a date subsequent to the time allowed for the signing and filing of the same imparts no validity to the instrument as a bill of exceptions. The statute, though remedial in character, is mandatory, and prescribes the precise terms upon which exceptions may, after the term, be authenticated and incorporated into the record. And it is plain that we have no authority to treat any document or instrument of writing as a bill of exceptions unless upon its own face it shows affirmatively that the terms of the statute have been complied with, and, among other things, that it was presented to, or was settled and signed by, the trial judge within the time granted by the court. The doctrine rests upon the principle that the statute being the only authority for a bill of exceptions after adjournment of the court it can only be had upon the terms of the statute, and a bill signed by the presiding judge after the expiration of the time lawfully fixed is without authority or jurisdiction, and amounts to nothing more than if signed by the clerk. *Rigler* v. *Rigler,* 120 Ind. 431; *Riverside Rubber Co.* v. *Midland Mfg. Co.,* 63 Ohio St. 66, 57 N. E. 958; *Newman* v. *Becker,* 54 Ohio St. 323, 46 N. E. 706; *Walker* v. *Equitable Mortgage Co.,* 100 Ga. 84, 26 S. E. 75; 3 Cyc. Law & Proc. 38; *Daugherty* v. *Western Union Tel. Co.,* 61 Fed. 138. After expiration of the time allowed, the judge loses jurisdiction over the subject-matter, and can not be reclothed with it by agreement of the parties. *Long* v. *Newhouse,* 57 Ohio St. 348, 366, 49 N. E. 79; *Morris* v. *Watson,* 61 Ill. App. 536. A failure of the stenographer to prepare the longhand manuscript of the evidence, though the party excepting has been diligent, is ineffectual as an excuse for signing or filing of a bill after time. *Horbach* v. *City of Omaha,* 49 Neb. 851, 69 N. W. 121. Pressure of official business upon the trial judge furnishes no reason or authority for him to

sign a bill after the time has expired.  *Walker* v. *Equitable Mortgage Co., supra.*

To take cognizance of a bill of exceptions that shows upon its face to have been created in disobedience of the statute would be to hold that we have discretionary power to dispense with the law whenever we deem it proper to do so.   In such cases, therefore, the only way for an aggrieved party to get his exceptions into the record is to procure the insertion of the proper date of presentation *nunc pro tunc,* and thus send up on appeal a bill fair upon its face.   *Rigler* v. *Rigler, supra; Kirby* v. *Bowland,* 69 Ind. 290; *Walton* v. *United States,* 9 Wheat. 651, 6 L. Ed. 182; *Ferris* v. *Commercial Nat. Bank,* 158 Ill. 237, 239, 41 N. E. 1118; *West Chicago St. R. Co.* v. *Morrison, etc., Co.,* 160 Ill. 288, 43 N. E. 393; Ewbank's Manual, §31.

And if a party is able to show that he has been diligent in the preparation and presentation of his bill, and in good faith and in due season had his prepared bill at the court, office, residence, or other place within the judicial circuit where the judge might reasonably be expected to be, and was prevented from presenting the same by reason of the absence of the judge from the State or judicial circuit, the act is such a presentation of the bill, if promptly presented to the court upon his return, as will authorize the latter, upon notice and motion, to insert *nunc pro tunc* the date when the presentation was defeated by his absence.   *Davis* v. *Patrick,* 122 U. S. 138, 7 Sup. Ct. 1102, 30 L. Ed. 1090. The right, however, rests upon diligence, and upon the fact that the exceptor has done all he reasonably could do to secure the prompt approval of his exceptions.   And whether he has been diligent or not must be determined by the sound judgment of the presiding judge upon the facts of the particular case.   Here appellant was allowed sixty days from March 15th in which to prepare and file

his bills of exceptions. He had them ready for presentation to the judge on the fifty-ninth day.

In *Daugherty* v. *Western Union Tel. Co.*, 61 Fed. 138, the answer in an application for removal was due February 13th. On that day the defendant's attorney, residing in an adjoining county, left home for the place where the court was held, by a passenger-train which was due to arrive at 10 o'clock a. m., and which was only prevented by a very unusual snowstorm, with respect to which, Baker, J., said: "The failure to start for the place where the court was sitting until the day when the answer was due was such an act of negligence as to defeat the right of removal, without regard to the delay occasioned by the storm."

Bill of exception number one, based on a motion to modify the judgment, occupies two written pages of the record, and number two, containing the longhand manuscript of the evidence, embraces sixty typewritten pages. Because sixty days were granted did not excuse appellant from promptly and diligently proceeding with the preparation and presentation of his bills with as much dispatch as circumstances would reasonably allow. He could not be held blameless if he negligently postponed their preparation or presentation to the very end of the period.

It is not shown that it would require anything like sixty days for appellant's attorney to prepare bill number one, or for the stenographer to write out the evidence. There were thirty-six days in which to accomplish the work before the judge left home. The judge was a special judge, resided in another county, and had no official or other known reason to keep him at home or in the circuit. There was no correspondence with the judge to ascertain whether he would remain at home to the end of the sixty days. Appellant might have had timely notice of the judge's intended absence from the State, and might have had

ample time and opportunity to prepare and present his bills before the judge went away. These and other matters involving the question of diligence were properly cognizable by the court in determining whether appellant presented a case warranting the signing of his bills, now for then.

The court, from the known facts and the evidence before it, decided that appellant was not entitled to have his bills signed *nunc pro tunc,* and refused so to sign them. The conclusion thus reached in the *nunc pro tunc* proceeding was a judicial judgment upon the evidence before the court, and is impeachable on appeal only as ordinary judgments of the court.

The record shows that what purports to be bills of exceptions were signed by the judge twenty days after the expiration of the time granted therefor, to wit, June 4, and when he had no jurisdiction of the subject-matter, and no power to impart validity to the documents as bills of exceptions. They must, therefore, be regarded as nullities, and as serving no purpose in the record.

The petition for a rehearing is overruled.