HOBAN, ADMINISTRATRIX, *v.* SOUTH BEND BEVERAGE AND ICE ASSOCIATION.

[No. 13,182. Filed March 5, 1929.]

644

*Samuel B. Pettingill*, for appellant.
*Jones & Obenchain*, for appellee.

McMAHAN, P. J.—Appellant's motion for a new trial was overruled July 6, 1927, by the regular judge, the cause having been tried by him, and thirty days time was given within which to present a bill of exceptions containing the evidence. There is an order-book entry to the effect that the bill of exceptions was presented to the regular judge July 28, 1927, for his approval. A purported bill of exceptions is found in the transcript, but there is nothing in such bill of exceptions showing that it was presented to the judge within the time allowed. It was signed by a judge *pro tem* August 16, 1927, and filed the same day. The statute, §686 Burns 1926, Acts 1881 [Spec. Sess.] p. 240, provides that "The date of the presentation shall be stated *in* the bill of exceptions." This statute is mandatory, and on the authority of *Rigler* v. *Rigler* (1889), 120 Ind. 431, 22 N. E. 776, we hold the evidence is not in the record, and that no question is presented as to the admission or exclusion of evidence. The bill of exceptions not having been signed nor filed within the time allowed, *Hale* v. *Matthew* (1889), 118 Ind. 527, 21 N. E. 43, is not in point.

The fact that time was given must be shown by an entry in the order book. The fact of presentation and date of presentation to the judge for his approval must be shown in the bill of exceptions. The only question presented which is not dependent on the evidence is the overruling of appellant's motion for a continuance filed during trial, and this was not error.

Judgment affirmed.