### HAWKINS *v.* STATE OF INDIANA.

[No. 25,242. Filed April 16, 1929. Rehearing denied April 26, 1929.]

*Floyd G. Christian* and *Ralph H. Waltz,* for appellant.
*Arthur L. Gilliom,* Attorney-General, and *Dale F. Stansbury,* for the State.

TRAVIS, J.—The only error presented for decision is the action of the lower court overruling appellant's petition for a writ of error *coram nobis,* which error ■ presented must be decided exclusively upon the evidence presented to the trial court. The appellee insists that the original bill of exceptions of the evidence is not in the record for the reason that the date of the presentation of the original bill of exceptions to the judge for settlement and signature is not stated in the bill itself. The statute in express terms requires that "the date of the presentation shall be stated in the bill of exceptions," etc. §686 Burns 1926, Acts 1881 (Spec. Sess.) ch. 38, Civil Code §406, p. 317; *Orton* v. *Tilden* (1886), 110 Ind. 131, 139, 10 N. E. 936; *Buchart* v. *Berger* (1888), 115 Ind. 123, 17 N. E. 125; *Rigler* v. *Rigler* (1889), 120 Ind. 431-433, 22 N. E. 776; *McCoy* v. *State, ex rel.* (1889), 121 Ind. 160, 22 N. E. 986; *City of Plymouth* v. *Fields* (1890), 125 Ind. 323, 25 N. E. 346; *Buckner* v. *Spaulding* (1890), 127 Ind. 229, 26 N. E. 792. But see *Hale* v. *Matthews* (1888), 118 Ind. 527, 529, 530, 21 N. E. 43.

Judgment affirmed.

## ON PETITION FOR REHEARING.

TRAVIS, J.—Appellant petitions for rehearing, because the opinion holds that the bill of exceptions containing the evidence does not state at what time the bill was

presented to the trial court for approval; and that the bill of exceptions containing the evidence is not in the record.

In the brief in support of the petition for rehearing, reliance is had upon the return to a writ of *certiorari*, which return is of a record entry that had been made in the court below *nunc pro tunc*, which showed that the bill of exceptions had been presented to the court within the time allowed in which to present the bill for settlement. It is plain that the return to the writ of *certiorari* makes no change whatever in the bill of exceptions itself or in the judge's certificate thereto. The statute is explicit, as shown by the opinion in this case, that "the date of the presentation shall be stated in the bill of exceptions," etc. (§686 Burns 1926). The bill of exceptions, in so far as the return to the writ of *certiorari* is concerned, is in the exact condition it was before the record entry of the order *nunc pro tunc* was made.

Appellant has made no effort to correct the bill of exceptions, to show by the bill itself when it was presented to the judge.

Petition for rehearing denied.