## REED ET AL. *v.* WORLAND, EXECUTOR.

REVIEW OF JUDGMENT.—*Complaint.*—*Incompetent Witness.*—*Bill of Exceptions.*—*Common Pleas Judge.*—In an action to review a judgment rendered

by a certain common pleas court, for error of law in permitting the opposite party to testify as a witness on the trial of the cause, the record set out in the complaint for review embodied a bill of exceptions containing the evidence of such witness, signed by the judge of such court after the taking effect of the act of March 6th, 1873, 1 R. S. 1876, p. 380, dividing the State into circuits and abolishing the court of common pleas.

*Held,* on demurrer, that such judge had no authority to sign the bill of exceptions, that it should have been signed by the judge of the proper circuit court, and that the complaint is insufficient.

From the Shelby Circuit Court.

*J. B. McFadden* and *J. W. Tomlinson,* for appellants.

*A. Blair,* for appellee.

HOWK, C. J.—This was a suit by the appellee, against the appellants, for a review of the proceedings and judgment of the court of common pleas of Shelby county, in favor of the appellants and against the appellee, for an alleged error of law appearing in said proceedings and judgment.

In his complaint, the appellee alleged, in substance, that, in a suit before a justice of the peace of Shelby county, the appellants recovered judgment against one Amos E. Gregg for the sum of eighty dollars, from which judgment the said Gregg appealed to said court of common pleas; that, pending said appeal, the said Gregg died testate, and the appellee was duly appointed and qualified as executor of said decedent's last will, and as such executor was substituted as the defendant in said suit, in the place of said Gregg; that, on the —— day of March, 1873, the said suit came on for trial, and the said court of common pleas then and there found for the appellants, and rendered judgment in their favor for the sum of ninety dollars and four cents, a copy of which judgment was made part of the appellee's complaint; that certain evidence was given by certain witnesses, on the trial of said cause, which evidence was to be here inserted; that the court of common pleas committed an error of law in permitting the appellants to testify, as a matter of right, to the merits of said cause, over the appellee's objections, which evidence and the rulings of said

court were made part of the record of said cause, and duly signed by the Hon. Richard L. Coffey, the judge of said court, who tried said cause. Wherefore the appellee prayed that the said judgment might be reviewed, reversed and set aside, and for other proper relief.

The appellants' demurrer to this complaint, for the want of sufficient facts therein to constitute a cause of action, was overruled by the court, and their exception entered to this decision.

The appellants then answered, in substance, that they admitted that they obtained the judgment against the appellee, as in his complaint stated, but they denied every other material allegation in said complaint.

The appellee's motion to strike out the appellants' answer was sustained by the court, and to this decision the appellants excepted and filed their bill of exceptions.

Judgment was then rendered by the court below, in favor of the appellee and against the appellants, reversing, vacating and setting aside the aforesaid judgment of said court of common pleas, and ordering that the cause in which said judgment was rendered should be docketed for trial in the court below.

In this court, the appellants have assigned, as errors, the following decisions of the circuit court:

1. The appellee's complaint for review, in this case, did not state facts sufficient to constitute a cause of action;

2. The court erred in overruling the appellants' demurrer to appellee's complaint for review; and,

3. The court erred in sustaining the appellee's motion to strike out the appellants' answer, and in rendering judgment in appellee's favor, upon the demurrer to his complaint.

In a complaint for review, the law is well settled, that it must bring before the court a full and complete record of the proceedings and judgment in the case sought to be re-

viewed, including all the pleadings and proceedings in the cause. *Weathers* v. *Doerr*, 53 Ind. 104; *Hardy* v. *Chipman*, 54 Ind. 591: and *Goar* v. *Cravens*, 57 Ind. 365. In section 587 of the practice act, it is provided, that " The complaint" for review " may be filed for any error of law appearing in the proceedings and judgment." 2 R. S. 1876, p. 249.

In this case, the appellee alleged in his complaint for review, that the court of common pleas of Shelby county committed an error of law, in the case sought to be reviewed, in permitting the appellants to testify, as a matter of right, to the merits of said cause, over the appellee's objections.

Whether or not this alleged error was an error of law appearing in the proceedings and judgment of the court of common pleas depends, for its proper answer, upon the answer which must be given to another question, and that is, whether or not the evidence and the rulings of said court of common pleas, on the trial in said court, were made a part of the record of said cause by a proper bill of exceptions.

The record of this cause shows that the paper writing purporting to be a bill of exceptions containing the evidence and the rulings of the court of common pleas, on the trial of the case sought to be reviewed, was signed on the 9th day of May, 1873, by the Hon. Richard L. Coffey, who was the judge of said court of common pleas at the time of the trial of said case. The office of common pleas judge was abolished by section 79 of " An act to divide the State into circuits for judicial purposes," etc., approved March 6th, 1873 ; and of course, on that day, Judge Coffey ceased to be judge of the court of common pleas of Shelby county. 1 R. S. 1876, p. 390.

It is very clear, we think, that Judge Coffey, having ceased to be judge of the court of common pleas on the

6th day of March, 1873, had no power or authority, on the 9th day of May, 1873, to sign a bill of exceptions in the case sought to be reviewed. The bill of exceptions should have been signed by the judge of the Shelby Circuit Court, to which court the business of said court of common pleas had been transferred by section 80 of the act last referred to. *Ketcham* v. *Hill*, 42 Ind. 64, and *McKeen* v. *Boord*, 60 Ind. 280.

The paper writing purporting to be a bill of exceptions, and signed by Judge Coffey on the 9th day of May, 1873, was not signed by the proper judge of the proper court, and therefore it did not become a part of the record of the case sought to be reviewed in the case now before us.

We are clearly of the opinion, that the alleged error of law, stated by the appellee in his complaint for review, was not an error of law appearing in the proceedings and judgment of the court of common pleas in the original suit. It follows, therefore, that the appellee's complaint for review in this case did not state facts sufficient to constitute a cause of action; and for this reason we hold, that the court erred in overruling the appellants' demurrer to said complaint.

This conclusion renders it unnecessary for us to consider the last alleged error.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.