Price *et al. v.* Price *et al.*

No. 8766.

PRICE ET AL. *v.* PRICE ET AL.

WILL.—*Construction.—Supreme Court.—Evidence.—Bill of Exceptions.*—Complaint by an administrator with the will annexed, to have the will construed. There was a trial by the court and a finding. The terms of the will were such that parol evidence might have been admitted to aid in its construction, and it appeared by the record that evidence was heard, but there was no bill of exceptions containing it.

*Held*, that the Supreme Court could not review the action of the court below in refusing a new trial, nor could it consider whether or not the court had erred in construing the will.

From the Porter Circuit Court.

*W. Johnson* and *T. J. Merrifield,* for appellants.
*W. E. Pinney,* for appellees.

HAMMOND, J.—The appellees Eben S. Merrifield and Levi Merriman, as administrators with the will annexed of Andrew B. Price, deceased, brought this action against their co-appellees and the appellants, as the heirs and legatees of the decedent, to obtain a judicial construction of the testator's will. The case was tried by the court and a finding made construing the will, to which the appellants excepted, and their motion for a new trial being overruled, and exceptions to this ruling reserved, the court made an order directing the administrators to execute the will in accordance with its interpretation. No exception was taken to this order.

The appellants' motion for a new trial was for causes stated as follows:

" 1. The finding of the court is contrary to law.

" 2. The finding of the court is contrary to the evidence, and not sustained by sufficient evidence."

The following errors are assigned in this court:

" 1. That each and every one of the several constructions placed by the court below upon the several clauses of the will in controversy is erroneous and contrary to law.

" 2. That the court erred in overruling the motion of appellants for a new trial.

"3. The court erred in ordering said administrators to execute said will according to said constructions."

The evidence is not in the record. A copy of the will appears in the complaint. Parol evidence is not admissible to vary or contradict a will. *Bunnell* v. *Bunnell,* 73 Ind. 163. But there are cases where parol evidence will be heard to aid in the construction of a will. In *Stevenson* v. *Druley,* 4 Ind. 519, PERKINS, J., says: "To aid courts in interpreting wills, the law permits, in every case where it may be necessary, that parol evidence may be given of the circumstances of the testator, and of his family and affairs, in order that the court, standing, as it were, in the situation of the testator when making his will, may, with more certainty, arrive at his intention, in giving a construction to the language he may have used to express it." To the same effect, also, are *Jackson* v. *Hoover,* 26 Ind. 511, *Grimes' Ex'rs* v. *Harmon,* 35 Ind. 198 (9 Am. R. 690), and *Fraim* v. *Millison,* 59 Ind. 123. A latent ambiguity in a will may be explained by evidence *dehors* the will. *Grimes' Ex'rs* v. *Harmon, supra.* In the will in controversy we think probably that extrinsic evidence was admissible to aid the court in its construction; or, at least, from the will itself, we can not say that such evidence would not in any event have been proper. The record recites that "the court, having heard the evidence and arguments of counsel," etc., made the findings complained of.

The findings of the court as to the construction of the will are but conclusions of law from facts which we may presume were established by the evidence; but as the facts found by the court are not in the record we can not say that the court's conclusions are incorrect. The appellants' exceptions, therefore, to such findings or conclusions and their first assignment of error in relation thereto present no question for our decision.

Nor does the appellants' second assignment of error, that the court below erred in overruling their motion for a new trial bring before us any question. The decisions of this court are numerous, that, unless the record contains all the

evidence, no question in this court can arise relating to the evidence, on the overruling by the court below of a motion for a new trial. Busk. Prac. 240, and cases there cited. Where the evidence is not in the record the verdict of the jury or the finding of the court is presumed to be correct.

Nor does the third assignment of error, that the court erred in ordering the administrators to execute the will according to its constructions of the same, bring before us any matter for our decision. No exception, as we have stated, was taken to this order. Besides, it is right, if the findings of the court are correct; and, in the absence of the evidence or a statement of the facts upon which such findings were predicated, they are, presumably, as they should be.

We are unable to find any error in the record. The judgment of the court below is affirmed.