Filed April 23, 1884.

———————◆———————

No. 10,861.

PEORIA, DECATUR AND EVANSVILLE RAILWAY COMPANY
v. FLICKER, ADMINISTRATOR.

SUPREME COURT.—*Waiver of Error.*—Errors assigned and not discussed will be assumed not to exist.

SAME.—*Judgment, Review of.—New Trial.—Evidence.—Record.*—In a bill to review for error apparent of record, on the ground that the court erred in overruling a motion for a new trial, no question is presented as to the sufficiency of the evidence or the amount of damages, unless the evidence was made a part of the record.

SAME.—*Complaint.*—An averment in the complaint that a full transcript of the evidence is filed is not sufficient, as this may be done, and yet the evidence may not have been made a part of the record.

INSTRUCTIONS.—*Presumption.*—In the absence of the evidence, and of a statement that instructions refused were applicable to the evidence, those refused will be deemed to have been properly rejected for such reason, and those given properly given, unless erroneous under any supposable state of facts.

From the Vanderburgh Circuit Court.

*C. Denby* and *D. B. Kumler*, for appellant.

*C. F. Gould* and *C. L. Wedding*, for appellee.

BEST, C.—The appellee brought an action against the appellant for killing the decedent, by negligently backing a car over her, as was alleged, and recovered a judgment for $1,-

000. This action was brought to review that judgment. The complaint consisted of two paragraphs. The first was for new matter discovered since the rendition of the judgment, and the second was for error of law apparent of record. A demurrer was sustained to the second paragraph, and this ruling presents the only question in the record.

The second paragraph averred, in substance, that the defendant had instituted an action against the plaintiff for negligently killing the decedent; that an issue was formed, a trial had, a verdict returned for $1,000, motion for a new trial made, overruled, exceptions taken, and judgment rendered upon the verdict for the defendant; that "the plaintiff files herewith, marked 'Exhibits A and B,' a full transcript of all the evidence given in said cause, and of all the records and proceedings therein;" that there is manifest error apparent upon the face of the record, in this, that the complaint does not state facts sufficient to constitute a cause of action; that the court erred in overruling the demurrer to the amended complaint, and in overruling the motion for a new trial.

The first and second alleged errors are not urged, and we, therefore, conclude that they do not exist.

In support of the third, it is insisted that the evidence was not sufficient to support the verdict; that the damages assessed were excessive, and that the court erred in giving and in refusing to give instructions.

The appellee insists that the evidence is not in the record, and in its absence these alleged errors do not appear. An examination of the complaint, and the exhibits accompanying it, fails to show that the evidence was made a part of the record. Exhibit " B " simply purports to be the stenographer's report of the evidence; it does not purport to be, nor was it by bill of exceptions or otherwise, made a part of the record, and hence it can not be so considered. Aside from this there is nothing else, and, therefore, the evidence is not in the record. In its absence, of course no question arises as to its sufficiency or as to the amount of damages assessed, and

hence these alleged errors do not appear of record. *Reed* v. *Worland*, 64 Ind. 216; *Boyd* v. *Fitch*, 71 Ind. 306.

The complaint avers, it is true, that "a full transcript of the evidence given" is filed, but this does not obviate the objection, as this may be true, and yet the evidence may not have been made a part of the record. This must appear, as the questions must be tried by the record and not by the averment of the pleader. *McDade* v. *McDade*, 29 Ind. 340.

The remaining question is whether the court erred in giving or refusing to give instructions. In the absence of the evidence, the action of the court in this respect very rarely warrants this court in disturbing the judgment. If there is no statement, as there is not in this case, that the instructions were applicable to the evidence, those refused will be deemed to have been properly rejected because they were not applicable to the evidence, and those given will be deemed correct unless erroneous under any supposable state of facts. It is not insisted that those given were obnoxious to this rule, and as an examination of them leads us to believe that they were not, it becomes unnecessary to set them out or notice them more particularly.

As these alleged errors do not appear of record, for the reasons given, the demurrer was properly sustained, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the appellant's costs.

Filed April 25, 1884.