Filed Feb. 15, 1894.

———————◆———————

No. 16,587.

## WOOD v. THE OHIO FALLS CAR COMPANY.

BILL OF EXCEPTIONS.—*When not in the Record.*—*Presentation to Judge.* —*Signature.*—Sixty days from June 16, 1891, were given in which to prepare and to present to the judge, for his allowance and signature, a proper bill of exceptions, and the only part of the bill that contains any statement when it was presented to the judge for his approval and signature is the concluding clause thereof, viz: "And the plaintiff now presents and tenders this, his bill of exceptions, this —— day of August, 1891, and asks that the same be signed, etc., which is now here done, * * this —— day of August, 1891, and within the time allowed by the court therefor."

"—— —— Judge."

And somewhere on the bill, but not in body thereof, was found the following indorsement, to wit: "Presented August 6, 1891.

"GEORGE V. HOWK, Judge."

And Judge Howk, having died January 12th, 1892, the bill was signed by his successor, George B. Cardwill, May 5, 1892.

*Held*, that there was no valid bill of exceptions in the record.

From the Floyd Circuit Court.

*J. K. Marsh*, for appellant.

*M. Z. Stannard*, for appellee.

McCABE, J.—This was a suit brought by the appel-

lant against the appellee, in the Clark Circuit Court, to recover damages for an alleged personal injury sustained by him through the alleged negligence of the appellee.

The cause was taken, on a change of venue, to the Floyd Circuit Court, where a trial by jury resulted in a verdict for the appellee, whereon it had judgment.

The only error assigned is the action of the trial court in overruling appellant's motion for a new trial. The reasons assigned in the motion for a new trial are such as require a bill of exceptions to present them to this court for review. They are, that the trial court erred in giving certain instructions to the jury, and that the verdict is not supported by the evidence, and is contrary to law.

The first question with which we are confronted is made by the appellee's contention that the bill of exceptions is not in the record.

The trial commenced on the 29th day of May, 1891, and ended on the 1st day of June, 1891, before the Hon. George V. Howk, who was the judge of the Floyd Circuit Court. The motion for a new trial was filed and overruled on the 16th day of June, 1891, and sixty days' time was allowed the appellant in which to prepare and file a bill of exceptions. The bill of exceptions was filed on the 5th day of May, 1892, nearly one year after the date of the trial, and more than eight months after the expiration of the sixty days allowed.

The only part of the bill of exceptions that contains any statement when it was presented to the judge for his approval and signature is the concluding clause thereof, which reads thus:

"And the plaintiff now presents and tenders this, his bill of exceptions, this —— day of August, 1891, and asks that the same may be signed and sealed and made a part of the record of this cause, which is now here

done, and signed and sealed accordingly, this —— day of August, 1891, and within the time allowed by the court therefor.                                    Judge.''

The following indorsement was found on the bill somewhere, but not in the body of the bill, to wit:

''Presented August 6, 1891.

                        ''GEORE V. HOWK, Judge.''

At the close of the bill, and after the above concluding clause, appears the following:

''Hon. George V. Howk, whose genuine signature appears to the foregoing date of presentation of this bill of exceptions, having departed this life on the 12th day of January, 1892, and I, George B. Cardwill, having been duly commissioned and qualified as, and being now, the judge of the Floyd Circuit Court, as his successor in office, do now sign said bill of exceptions, this 5th day of May, 1892.          GEORGE B. CARDWILL,

                        ''Judge of Floyd Circuit Court.''

The statute provides that ''The party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions,   *   *   *   delay of the judge in signing and filing the same shall not deprive the party objecting of the benefit thereof. The date of presentation shall be stated in the bill of exceptions, and the entry shall show the time granted, if beyond the term, for presenting the same.'' 1 Burns' Rev. 1894, section 641.

In *Rigler* v. *Rigler*, 120 Ind. 433, MITCHELL, J., speaking for the court of this statute, said: ''Our statute   *   * is imperative upon two points: 1. The party '*must*, within such time as may be allowed, present to the judge a a proper bill of exceptions.' 2. 'The date of the presentation shall be stated in the bill of exceptions.'   *   * A bill of exceptions does not become a part of the record unless it has been presented to the judge within the time

limited, and the date of the presentation stated in the bill.''

In *Orton* v. *Tilden*, 110 Ind. 131 (139), Howk, J., delivering the opinion of the court as to the same statute, said: ''It is no compliance with the provisions of this section of the statute to recite that, within the time allowed, the defendants presented their bill of exceptions. But the exact date of the presentation must be stated, not in the margin nor on the back of the bill, but *in* the bill itself, so that it may be seen by this court whether or not the date of the presentation was within the time allowed by the court. Where, as in this case, the 'date of the presentation' is not stated in the bill of exceptions, we must consider the date of the signature of the judge to the bill as the date of its presentation to such judge; and so considered, as we have seen, the bill was not presented to and signed by the judge until after the expiration of the time allowed by the court for the presentation and filing thereof. It follows, therefore, that the bill of exceptions herein is not properly a part of the record before us, and can not be considered here in the decision of this cause.''

To the same effect exactly are *Buchart* v. *Burger*, 115 Ind. 123; *Shewalter* v. *Bergman*, 123 Ind. 155; *City of Plymouth* v. *Fields*, 125 Ind. 323; *White* v. *Gregory*, 126 Ind. 95.

, These cases are exactly in point, and are decisive of the question under consideration.

It will be observed that sixty days from the 16th day of June, 1891, was allowed for preparing and presenting to the judge, for his allowance and signature, a proper bill of exceptions, and on the —— day of August of that year it was presented to the judge. If the whole month of August was within the sixty days from the 16th day of June, then, perhaps, it would sufficiently appear that

it was presented to the judge within the sixty days. But the sixty days ran out on the 15th day of August, 1891, and, according to the statement in the bill of exceptions, it may have been presented to the judge after the 15th day of August, and before the close of the month, so that the date stated in the bill does not show that it was presented within the sixty days allowed. Therefore, the date of the presentation of the bill is not stated in the bill; and, hence, the date of the signing of the bill by Judge Cardwill, according to the authorities above cited, must be regarded as the date of presentation. That date being the 5th day of May, 1892, and more than eight months after the time allowed had expired, it was too late.

There is no legal objection to the bill on account of its having been signed by Judge Cardwill, the successor in office to Judge Howk before whom the case was tried. *Ketcham, Admx.,* v. *Hill,* 42 Ind. 64; *McKeen* v. *Boord,* 60 Ind. 280; *Reed* v. *Worland,* 64 Ind. 216.

If, in fact, the bill of exceptions had been presented to his predecessor, Judge Howk, within the time for his allowance and signature, it was the duty, if so requested, and it was within the power of Judge Cardwill to fill up the blanks in the bill with the correct date of such presentation. This not having been done, this court has no such information, as the statute requires, that the bill was presented within the time allowed therefor.

There being no valid bill of exceptions in the record, presenting to us for review the errors complained of in the motion for a new trial, and the judgment of the circuit court, in the absence of a contrary showing in the record, being presumed to be correct, it is therefore affirmed.

Filed Feb. 2, 1894.