170    177
f217    77

# Mariah Johnson's Estate.   Appeal of William Ellsworth Johnson et al.

[Marked to be reported.]

*Will—Legacy—Gift of shares of stock.*

Testator by his will directed as follows : " And the income of my Harrisburg Gas Stock for six years after my death I give and bequeath to James P. Johnson and after that period I give and bequeath the said Gas Stock to the extent of six thousand dollars ($6,000) to be equally divided among the said four children of the said James P. Johnson share and share alike, and the balance to the general missionary fund of the United Presbyterian Church." *Held*, that testator intended to give gas stock specifically as such to the amount of six thousand dollars measured by its par value, and that he did not intend to give six thousand dollars in money.

Argued May 27, 1895. Appeal No. 110, Jan. T., 1895, by William Ellsworth Johnson et al., from decree of O. C. Juniata Co., distributing balance in the hands of administrator. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Reversed.

Petition to distribute balance of estate.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were (1) in awarding to the four children of James R. Johnson only $6,000 of the fund in the hands of the administrator; (2) in not awarding to said children $6,000 of

the Harrisburg gas stock, or 240 shares thereof, at its par value, which in the distribution, would entitle them to $9,660.

*F. M. M. Pennell* and *Will L. Hoopes*, Atkinson with them, for appellants.—This bequest is specific : 2 Williams on Executors, 6th ed. 1250 ; Wallace v. Wallace, 23 N. H. 154.

Testatrix meant these legatees to take the identical stock mentioned in her will. After a period of six years, she gives and bequeaths " the said gas stock to the extent of six thousand dollars " to them, and speaks of it as " my Harrisburg gas stock: " 2 Williams on Executors, 6th ed. 1254 ; 1 Roper on Legacies, 2d ed. 203 ; Blackstone v. Blackstone, 3 Watts, 335 ; Fidelity Ins. Trust & Safe Dep. Co.'s App., 108 Pa. 492 ; 13 Am. & Eng. Ency. of Law, 21 ; Kirby v. Potter, 4 Vesey, Jr. 748 ; Barton v. Cook, 5 Vesey, Jr. 461 ; Howell v. Hooks, 4 Iredell Eq. Cases, 188 ; 2 Williams on Executors, 6th Am. ed. 1271 ; Washington Asylum v. Corporation of Washington & Wright's Executors, 7 Dist. of Columbia, 259 ; Hoff's App., 24 Pa. 200 ; Sleech v. Thorington, 2 Vesey, Jr. 563 ; Barrington v. Tristram, 6 Vesey, 345 ; Bristow v. Bristow, 5 Beavan, 289 ; Swaney v. Rumney, 15 E. L. & Eq. 4 ; Loring v. Woodward, 41 N. H. 391 ; Hixon v. Hixon, 7 Humph. (Tenn.) 33 ; Clay v. Houston's Admrs., 1 Bibb (Ky.), 461 ; Andrew v. Ewing, 3 Litt. (Ky.) 245 ; Phelps v. Riley, 3 Conn. 266 ; Smith v. Dunlap, 12 Ills. 184 ; Coldren v. Miller, 1 Blackf. (Ind.) 296 ; Van Vleet v. Adair, 1 Blackf. (Ind.) 346 ; Parks v. Marshall, 10 Ind. 20 ; Williams v. Jones, 12 Ind. 561 ; Pierce v. Spader, 13 Ind. 458 ; Robinson v. Noble's Admr., 8 Peters, 181.

*R. E. Stewart*, for appellee.—The interest of the four legatees in the fund is the pecuniary sum $6,000 : Lambert v. Lambert, 11 Vesey, Jr. 607 ; Coleman v. Coleman, 2 Vesey, Jr. 639 ; Smith v. Fitzgerald, 3 Vesey & Beames' Ch. 2 ; Williams on Executors, 6 Am. ed. p. 1252 ; Hoff's App., 24 Pa. 200 ; Kirby v. Potter, 4 Vesey, Jr. 748.

OPINION BY MR. JUSTICE GREEN, July 18, 1895 :

The learned court below held, correctly as we think, that the legacy of the Harrisburg Gas Stock to the four children of James P. Johnson is specific. The opinion of the court pro

ceeding upon this basis, was apparently in favor of the claim of the children, giving to them the proceeds of the sale of 240 shares, but the decree was made for only $6,000 of money out of the proceeds, treating the legacy as pecuniary only. We are disposed to agree with the reasoning of the court, but are quite unable to agree to the conclusion reached.

The language of the will on this subject is, "And the income of my Harrisburg Gas Stock for six years after my death I give and bequeath to James P. Johnson and after that period I give and bequeath the said Gas Stock to the extent of six thousand dollars ($6000) to be equally divided among the said four children of the said James P. Johnson share and share alike, and the balance to the General Missionary Fund of the United Presbyterian Church." The only question in the case is, what was the intention of the testatrix? Was it to give shares of gas stock defined by a limit, or was it to give $6,000 in money? We think the question is quite free from difficulty. The very words of the will are "I give and bequeath *the said Gas Stock* to the extent of six thousand dollars." The subject of the gift is gas stock, and is not money. If a gift of money had been intended the testatrix would have simply said that she gave $6,000 to be divided among the children. But she did not give money at all. She gave gas stock specifically as such. The words "six thousand dollars," were not used to define the gift itself, but as a means of measuring the extent of the stock. If the gift had been of gas bonds to the extent of $6,000 every one would have understood that the gift was of bonds expressing an obligation to pay $6,000 in money. In other words the face or par value of the bonds would have been necessarily understood as meaning the extent of the gift. It is difficult to conceive how any other limitation of the gift could be understood. The uncertainty alone in defining the extent of the gift upon the estimate of the market value, which is constantly fluctuating, ought to be sufficient to determine the question. This particular gift of stock was not to become effective until six years after the testator's death. The market value of the stock at the time of the death of the testatrix might have been a very different thing from what it was six years later. It is a very rare occurrence for any stock to have the same market value during an entire period of six years. The conditions of general

business, the state of the money market, or the intrinsic condition of the stock itself may cause wide variations in its market value. What would be $6,000 worth of the stock at the death of a testator, might be very much more or very much less, at the end of six years from that period.   A given number of shares would pass under the gift at the death of the testator, and a very different number, either greater or less, might be required six years later.   Whereas if the par value be the standard of measure, the gift would be the same at all times, and hence far more in accord with the intent of the donor.   We are very clearly of opinion that this testatrix intended to give to these four children as many shares of stock as would amount to the sum of $6,000 measured by the par value of the stock.   That would make the subject of the gift 240 shares of stock at the death of the testatrix, and at the time the gift became effective, and there could be no question then that the intent of the testatrix was literally accomplished.   Had the stock gone down in market value it might have taken the whole 353 shares owned by the testatrix at the time of making the will, and at the time of her death, to produce the sum of $6,000, and in that event, the intent of the testatrix to give " the balance " of the stock to the church would have been defeated.

In Hoff's Appeal, 24 Pa. 200, we held that a bequest to the widow of " the interest on $15,000 of such stock I may possess " meant that she was entitled to the interest on $15,000 of the testator's Pennsylvania six per cent stock at its par value. Extended argument is unnecessary ; the question is very simple. The decree of the court below is reversed and the record is remitted with instructions that the fund be distributed in accordance with this opinion, the costs of this appeal to be paid by the appellee.