## PARTNER v. CITIZENS LOAN & TRUST COMPANY, ADMINISTRATOR.

[No. 20,167.   Filed Octocer 5, 1904.]

APPEAL AND ERROR.—*Improper Assignment.*—Where the trial is by the court, and the finding a general one, an assignment of error, charging that the court erred in finding certain things as facts in such cause, presents no question for review, since such error can not be assigned independently, but must be included in the motion for a new trial. *p. 305.*

WILLS.—*Construction.*—*Legatee's Right to Have Will Construed.*—Where one legatee is bequeathed $500 in a will, he has a right to have such will construed, since he may possibly be interested in the disposition of the remainder of the personal property of the estate. *pp. 305, 306.*

SAME.—*Bequest of $500 of Bank-Stock.* — *Meaning of.*—Where testator bequeaths a legatee "$500 of bank-stock," such bequest means $500 par value of the stock of such bank, and not $500 in money value of such stock. *p. 306.*

From Boone Circuit Court; *Isaac M. Kelsey*, Special Judge.

Action by the Citizens Loan & Trust Company as administrator, with the will annexed, of the estate of David A. Caldwell, deceased, against William Partner and ten others for a construction of said will. From the

construction given, William Partner appeals. Transferred from the Appellate Court under §1337u Burns 1901. *Affirmed.*

P. H. *Dutch*, for appellant.

B. S. *Higgins* and *Reed Holloman*, for appellee.

Dowling, J.—The will of David A. Caldwell, which was duly admitted to probate, contained, among other provisions, bequests in these words: "To my grandson John A. Caldwell, in addition to $300 or more in cash and ninety-five and twenty hundredths acres of land, all heretofore given, I will and bequeath him $500 of bank-stock. To David Paul Caldwell, son of Albert N. Caldwell, in addition to twelve and thirty-two hundredths acres, more or less, of land (if not otherwise conveyed during my life), I will and bequeath $500 in bank-stock. * * * To William Partner, surviving husband of said Martha A. [a deceased daughter of the testator], I will and bequeath $500 in money, out of my personal estate, over and above what he may have received heretofore." Eight other like bequests of bank-stock, of $500 each, were made by the testator.

A controversy having arisen among the persons to whom the bank-stock was bequeathed and some of the other beneficiaries under the will, this suit was brought by the appellee, the Citizens Loan & Trust Company, administrator with the will annexed of the estate of David A. Caldwell, against all the beneficiaries under the will, to obtain a construction of that instrument. Issues were formed, and upon a trial by the court there was a finding and judgment declaring that the persons to whom the bank-stock was devised were entitled to have the same transferred to them at its par value, subject to certain conditions which need not be considered. William Partner, who was one of the defendants, and to whom the testator bequeathed $500 in money, appeals.

The first, second, and third errors assigned present no question for review by this court.

The finding of the court was a general one, but the first, second, and third errors assigned are in the nature of exceptions to the conclusions of law drawn from the finding and expressed in the judgment. The first assignment is in these words: "The court erred in finding that John A. Caldwell, Clyde Caldwell, * * * are each to have and receive five shares of said bank-stock; and the court further erred in finding that said above-named legatees were the sole owners of said bank-stock in said will, and that they own the same share and share alike." These objections can not be presented in the form of independent assignments of error, and therefore will not be further noticed. The second and third assignments are substantially in the same form.

The question of the proper construction of the clauses of the will which are in dispute is, however, properly raised by the fourth assignment of error, which challenges the correctness of the ruling of the court on the motion for a new trial; one of the grounds of that motion being that the finding was contrary to law. The evidence is in the record, and the will itself is the principal item of the proof.

The objection is interposed by the appellee that the appellant William Partner has no standing in court, and that, as he is not shown by the evidence or the judgment to have had any interest, absolute or contingent, in the bank-stock, he has no right to appeal from the decision of the court declaring the disposition of that stock made by the testator. With this view we can not agree. As a general legatee or beneficiary, we think the appellant has such an interest in the proper disposition of the personal property of the estate as gives him the right to appeal from a judgment affecting that property. It is not necessary that he

should show that the bank-stock will be needed to pay his bequest. It is sufficient if it appears that it may be so needed, if the construction of the will contended for by him is the proper one.

In giving a construction to the will, two things are to be regarded as of first importance—the language used, and the intention of the testator as it may be gathered from the whole instrument. The question here, strictly, is not one of law, but of the meaning of the phrases by which the testator disposed of his bank-stock. In some of the items of the will the words are, "I will and bequeath him $500 of bank-stock;" in others they are, "I will and bequeath him $500 in bank-stock." The bequest was of bank-stock, and not of money to be paid out of a particular fund, or class of property. It could be discharged only by the transfer of bank-stock to the beneficiaries.

In the language of merchants and bankers, the description of bank or other stocks or bonds, when estimated in money, refers to the par value of the stock or bonds, and not to the market value. Thus, if a man says to a broker, "I wish to purchase $5,000 of Northern Pacific Railroad stock, or $10,000 of United States bonds," he will be understood to mean such stock or bonds reckoned at their par value, and not the number of shares or the amount of bonds that the $5,000 or $10,000 in money will buy. Otherwise he says, "I wish to invest $5,000 in Northern Pacific Railroad stock, or $10,000 in government bonds." It has been held that where the bequest is not "out of," but "of," merely, as "£100 of my funded property," it is equivalent to a gift of money out of stock, and is therefore demonstrative, unless the testator estimated his stocks in money. In the latter case it seems that such a bequest will be regarded as specific. *Lambert* v. *Lambert* (1806), 11 Ves. Jr. 607; *Ives* v. *Canby* (1891), 48 Fed. 718; *In re Johnson's Estate* (1895), 170 Pa. St. 177, 32 Atl. 636.

It is clear that the testator in the present case estimated

his bank-stocks in money, and that his intention was to bequeath to each beneficiary, to whom the stock was given, $500 in bank-stock, estimated at its par value. The words employed, and the intention of the testator, so far as it can be discovered from a reading of the entire will, authorize this conclusion. As this was the construction put upon the will by the trial court, its finding was in accordance with the law.

There is no error in the record. Judgment affirmed.