## FUEHRING ET AL. *v.* UNION TRUST COMPANY OF INDIANAPOLIS ET AL.

[No. 17,493. Filed October 28, 1946. Rehearing Denied December 4, 1946. Transfer Denied February 25, 1947.]

248

*Barney & Hughes,* of Indianapolis, for appellants.

*Paul G. Davis* and *Davis, Baltzell, Hartsock & Dongus,* all of Indianapolis, and *Paul Y. Davis* and *Harry B. Hartsock,* of Indianapolis, of Counsel, for appellees, (except Carl Fuehring, Adm., and Carl Fuehring.)

HAMILTON, C. J.—This is an appeal by appellants from an adverse judgment of the Marion Probate Court, Marion County, Indiana, in an action instituted by them to review for error of law a judgment rendered against appellants on December 15, 1937, during their minority, in cause No. 3197 in said Marion Probate Court, construing the last will and testament of William Fuehring, appellants' grandfather.

The issues were joined on appellants' complaint in a single paragraph and appellees' answer thereto admitting and denying certain rhetorical paragraphs of the complaint, as required by Rule 1-3, Revised Rules of the Supreme Court.

The trial was to the court, without a jury, resulting in a judgment that plaintiffs take nothing by their complaint and that the defendants recover their costs.

Appellants filed a motion for a new trial and, from the action of the court in overruling said motion for a new trial, appellants prosecute this appeal.

The sole error assigned is the overruling of appellants' motion for a new trial. The reasons assigned in the motion for new trial are: (1) That the decision of the court is not sustained by sufficient evidence; and (2) that the decision of the court is contrary to law. Specifications 3, 4, 5, and 6 of the motion relate to alleged error in refusing to admit certain evidence consisting of one exhibit and answers to certain questions propounded to the witness, William Fuehring.

An examination of the record discloses that the

motion for a new trial fails to set forth the objection made to the offered evidence and exhibit, the offer to prove, if any, and the court's ruling in sustaining appellees' objections to the questions and the exhibit.

For said reasons it is well settled that no question is presented for our consideration by specifications 3, 4, 5, and 6 .of the motion for new trial. *Golden Guernsey Farms* v. *State* (1945), 223 Ind. 606, 63 N. E. (2d) 699, 702; *McKee* v. *Mutual Life Ins. Co.· of New York* (1945), 222 Ind. 10, 51 N. E. (2d) 474; *Johnnie J. Jones Exposition, Inc.* v. *Terry* (1945), 116 Ind. App. 189, 63 N. E. (2d) 159, 162; *Wise* v. *Curdes* (1942), 219 Ind. 606, 40 N. E. (2d) 122.

This being a negative decision in an action wherein the appellants carried the burden of proof, the first specification in the motion for new trial assigning the insufficiency of the evidence to sustain the decision of the court is inappropriate and presents no question to us. *McKee* v. *Mutual Life Ins. Co. of New York, supra; Wilson, Admx.,* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. (2d) 905; *Smith* v. *Strock* (1945), 115 Ind. App. 518, 60 N. E. (2d) 157, 158, and cases cited.

As heretofore stated, this was an action to review the judgment rendered against appellants in cause No. 3197 in the Marion Probate Court for errors of law which are averred in the complaint in the following language, to wit:

"That the errors of law appearing in said proceedings, decree and judgment are as follows:

"a. That the complaint so filed in said cause of action did not state facts sufficient to constitute a cause of action against these plaintiffs.

"b. That the decision, judgment and decree of the court therein was contrary to law.

"c. That the court erred in finding for the plaintiffs in said cause of action.

"d. That the court erred in finding that Item Four of the last will and testament of William H. Fuehring is vague, indefinite and uncertain, and in rendering judgment on said finding.

"e. That the court erred in finding that Item Four of the last will and testament of William H. Fuehring is in violation of the statutes of the State of Indiana, and in rendering judgment on said finding.

"f. That the court erred in finding that Item Four of the last will and testament of William H. Fuehring is null, void, and of no force and effect, and in rendering judgment on said finding.

"g. That the court erred in finding that no effective trusts were created by Item Four of the last will and testament of William H. Fuehring, and in rendering judgment on said finding."

It will.be observed that fraud and misconduct upon the part of the guardian *ad litem* are not alleged in the complaint to review for error of law; neither is it alleged that the decree and judgment of which complaint is made was rendered by the consent of the parties, including the guardian *ad litem*.

Appellants concede that the complaint filed in cause No. 3197, aforesaid, in the Marion Probate Court was sufficient to withstand a demurrer if one had been filed and that since the amendment of § 2-1007, Burns' 1933, in 1911, the question of the insufficiency of the complaint is not available as an assignment of error on appeal, unless the same was attacked by demurrer specifically pointing out the particular defect, and likewise, such insufficiency cannot be a ground for setting aside a judgment by a complaint to review for errors of law. *Second Nat. Bank of Robinson, Ill.* v. *Scudder* (1937), 212 Ind. 283, 6 N. E. (2d) 955; *Calumet Teaming & Trucking Co.* v. *Young*

(1941), 218 Ind. 468, 471, 33 N. E. (2d) 109; *Searle* v. *Whipperman* (1881), 79 Ind. 424, 427; *Hardy* v. *Miller* (1883), 89 Ind. 440.

Referring to sub-rhetorical paragraphs "a," "b," and "c" of rhetorical paragraph 16 of appellants' complaint to review the former judgment for errors of law, we find that said specifications are statutory grounds for a new trial. § 2-2401, Clause Sixth, Burns' 1933. Likewise, sub-rhetorical paragraphs "d," "e," and "f" of rhetorical paragraph 16 of appellants' complaint, wherein it is alleged that the court erred in its construction of Item Four of the last will and testament of William H. Fuehring, present a question which could properly be presented only by a motion for a new trial filed in said cause No. 3197, assigning as a ground therefor that the finding and decision of the court in said cause was contrary to law. *Partner* v. *Citizens Loan, etc., Co.* (1904), 163 Ind. 303, 305, 71 N. E. 894.

It is conceded by appellants that no motion for a new trial was filed in cause No. 3197, aforesaid, although the appellants, as infant defendants therein, were represented by a duly appointed guardian *ad litem* who appeared and filed an answer in general denial, as required by statute in behalf of said minor defendants.

Appellants state the decisive question presented by this appeal as follows: "Where a guardian *ad litem* appointed for infant defendants fails to file a motion for a new trial, does a basis exist for a review of such a judgment by said infants by a complaint for errors of law?" Appellants assert that this precise question has not been decided in this state and that there are no rulings precedent thereon. We are unable to agree with this statement.

We believe that the law applicable to the facts presented by the record before us is well stated by the

Supreme Court in the case of *Graves* v. *The State, ex rel. Cole* (1893), 136 Ind. 406 on pages 410 and 411, 36 N. E. 275, as follows:

"A proceeding to review a judgment is in the nature of an appeal, and the complaint, where the proceeding is for error of law apparent on the face of the record, as in the case at bar, must set out so much of the record in the original cause as would be necessary to present the same question on appeal to this court. 1 Works' Prac., p. 691, sections 1049, 1050, 1051, and authorities there cited.

"A party is required to file a motion for a new trial, before he can present a question on appeal to the Supreme Court, and the same rule applies in like manner before error can be assigned in a complaint to review a judgment. Generally speaking, the trial of a cause is not ended until a motion for a new trial is disposed of or waived. 1 Works' Prac., p. 602, section 927, and authorities cited.

"Stating the case differently, a party must ask relief from the judgment and rulings of the court complained of in the original action and during the trial, before he is entitled to appeal or review, in all rulings constituting a proper reason for a new trial. If the question is one to be saved by a special bill of exceptions, it must be filed in time and then made the ground of one of the reasons for a new trial, and both the exception and motion must be filed with the complaint to review, before an assignment of error would be effective. Error such as is assigned in numbers 5 and 6 of the complaint to review, to be available on appeal, must have been first brought before the court by special bill of exceptions, and then assigned as a reason for a new trial."

*Yuknavich* v. *Yuknavich* (1945), 115 Ind. App. 530, 532, 58 N. E. (2d) 447; *Eilts* v. *Henderlong Lumber Co.* (1941), 109 Ind. App. 559, 564, 565, 33 N. E. (2d) 373.

Since no motion for a new trial was filed by or on behalf of appellants in said cause No. 3197, aforesaid,

and no bill of exceptions containing the evidence ■ was ever filed in said cause, we are constrained to hold that there was no error of law appearing in the proceedings and record of said former action for which a complaint for review for error of law would lie in this action. *Boyd, by Next Friend* v. *Fitch* (1880), 71 Ind. 310, 313; *Peoria, Decatur and Evansville R. W. Co.* v. *Flicker, Administrator* (1883), 95 Ind. 180, 181; *Price* v. *Price* (1883), 89 Ind. 91; *Egoff* v. *Board, etc.* (1908), 170 Ind. 238, 246, 84 N. E. 151.

We believe that the Supreme and Appellate Courts have fully answered appellants' question in the negative and have established the law in Indiana to be ■ that an infant defendant has the same duty to take the necessary steps to protect his interests in a law suit as rests upon an adult, once such infant is properly brought into court and the court has appointed a guardian *ad litem* for him and the formal necessary answer is filed for him.

In the early case of *Alexander* v. *Frary* (1857), 9 Ind. 481, on pages 486 and 487, the Supreme Court states the law as follows:

"We take the true ground, as deduced from the cases cited, to be this: The Courts will so far protect the infant as to see that he is properly served with process; that a guardian *ad litem* is appointed for him, and the formal answer filed. That answer is equivalent to the denial of the plaintiff's case. It is not to be presumed that a recovery has been had against him without proof.

"Thus protected, the infant may defend by attorney. He stands in Court on the issues made, like any other defendant. . . .

"In this view of the case, it is for the infant, under the advice of his guardian and his attorney, to move for a new trial, and put the evidence in the record in the usual manner. . . ."

"In judgments against adults, where the evidence is not in the record, we daily presume in favor of the action of the Court. So when the infant is in Court, protected as the statute contemplates his inexperience should be by his guardian *ad litem* and his attorney, the same presumption must arise. . . .

"Neither the adults nor the infants having moved for a new trial, nor in any other statutory mode made the evidence a part of the record, we must presume all things rightly done in the Court below."

This statement of the law is reaffirmed in the later cases of *Young* v. *Wiley* (1915), 183 Ind. 449, 107 N. E. 278; *Colvert* v. *Colvert* (1932), 95 Ind. App. 325, 333, 178 N. E. 692; *Freestone* v. *State ex rel. Advance-Rumely Co.* (1934), 98 Ind. App. 523, 176 N. E. 877.

As stated in *Young* v. *Wiley, supra,* it must be presumed that the interests of the infant defendants passed under the eye of the court and that the court kept in mind at all times the interests of said infant defendants.

Appellants rely upon the case of *McCord* v. *Bright* (1909), 44 Ind. App. 275, 87 N. E. 654, in support of their contention that the court will search the record in order to protect the interests of infant defendants. An examination of this authority discloses that it was an action to quiet title to real estate and involved the question as to the construction of a deed. The facts and nature of the action are so dissimilar to the instant case that it cannot be considered as an authority upon the question we are considering.

In conclusion, we hold that appellants have failed to bring forward a record showing any error of law in the proceedings in said cause No. 3197 in the Marion Probate Court which can be reviewed by complaint to review for error of law.

Therefore, it is unnecessary for us to consider the question as to the correctness of the construction given to Item Four of the last will and testament of William H. Fuehring by the court in said cause No. 3197.

The judgment of the lower court is therefore affirmed.

ROYSE, J., not participating.

NOTE.—Reported in 69 N. E. (2d) 141.